**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roger GARDNER, Defendant–Appellant.**

**No. 90–2005.**

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 14, 1991.
Decided April 24, 1991.

Amy B. Hartmann, Detroit, Mich., for plaintiff-appellee.

R. Steven Whalen, Goldschmid & Kozma, Detroit, Mich., for defendant-appellant.

Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.

PER CURIAM.

Defendant–Appellant Roger Gardner was sentenced to 60 months imprisonment for the unlawful possession of a short-barreled shotgun and the possession with intent to distribute of five grams or more of crack cocaine. At sentencing, Gardner claimed he was deprived of substantive and procedural due process insofar as 18 U.S.C. § 3553(e) allowed the district court to sentence below the statutory minimum penalty for the drug count only upon motion of the government. The district court rejected Gardner's constitutional argument. Gardner appeals and we affirm.

## I.

On December 5, 1989, a federal grand jury returned an indictment charging defendant with two counts relating to the unlawful possession and transfer of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5861(d) and 5861(e), and two counts of possession with intent to distribute of five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Each drug count carried a mandatory minimum penalty of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

According to the facts elicited at the plea proceeding, Gardner acted as a middle man to purchase some crack cocaine in Detroit at the urging of an undercover agent. Gardner was given $15 or $20 for his efforts. In June of 1990, Gardner pled guilty to count one—unlawful possession of a short-barreled shotgun, and count three—unlawful possession with intent to distribute five grams or more of crack cocaine. Pursuant to the plea agreement, the government dismissed counts two and four of the indictment and promised that it would not seek a sentence greater than 60 months, the statutory minimum penalty required for the drug offense charged. Gardner reserved the right to appeal the constitutionality of the mandatory minimum sentence provision of 21 U.S.C. § 841(b)(1)(B)(iii). The court sentenced Gardner to 60 months, notwithstanding the fact that his sentencing guideline range was 63–78 months as calculated by the probation department. The government did not object to the sentence.

Prior to sentencing, Gardner argued that he was entitled to a sentence below the mandatory minimum five years required for the drug count. He acknowledged that the district court was required to impose the minimum penalty unless, pursuant to 18 U.S.C. § 3553(e), the government requested that the court sentence below the statutory minimum in return for substantial assistance provided.[1] The government did not make such a motion, and Gardner never asserted that he provided substantial assistance to the government. Rather, Gardner asserts that any sentence imposed under 21 U.S.C. § 841(b)(1)(B)(iii) violates due process because 18 U.S.C. § 3553(e) allows the court to sentence below the mandatory minimum *only* upon motion of the government for substantial assistance provided. The district court rejected defendant's argument, finding that the relevant statutory provisions are constitutional. Gardner filed a timely appeal.

## II.

Our circuit's recent opinion in *United States v. Levy*, 904 F.2d 1026 (6th Cir.

---

1. 18 U.S.C. § 3553(e) provides:
   Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

1990), controls the disposition of Gardner's claim. In *Levy,* we upheld against constitutional attack the mandatory minimum penalty provision for defendants convicted of offenses involving five or more grams of crack cocaine. *Id.* at 1034. We expressly rejected the defendant's due process attack against U.S. Sentencing Commission Guidelines Section 5K1.1 which, like 18 U.S.C. § 3553(e), provides that the district court can impose a sentence below a statutory minimum only upon a motion of the government.[2] In the absence of a government motion, we held that the district court had no duty to entertain the defendant's offer of proof regarding his cooperation with authorities. *Id.* at 1035. Our opinion in *Levy* was recently reaffirmed in *United States v. Davis,* 919 F.2d 1181, 1187–88 (6th Cir. 1990).

Gardner attempts to distinguish *Levy* on the basis that it involved a constitutional challenge to a sentencing guideline, section 5K1.1, whereas the present case involves a constitutional challenge to a statute, 18 U.S.C. § 3553(e). Guideline section 5K1.1, however, was promulgated in response to 18 U.S.C. § 3553. Moreover, the guideline and its parent statute are substantively identical for purposes of defendant's claim. *See, e.g., United States v. Ayarza,* 874 F.2d 647, 653 & n. 2 (9th Cir.1989); *United States v. Francois,* 889 F.2d 1341, 1344–45 (4th Cir.1989). Indeed, other circuits have uniformly upheld 18 U.S.C. § 3553(e) against the identical challenge defendant herein presents. *See United States v. Lewis,* 896 F.2d 246, 247 (7th Cir.1990) (neither guideline section 5K1.1 nor 18 U.S.C. § 3553(e) violates due process); *United States v. Huerta,* 878 F.2d 89, 93–94 (2nd Cir.1989) (same); *Ayarza,* 874 F.2d at 653

(18 U.S.C. § 3553(e) does not violate due process).[3]

 As stated in *Levy,* there is no constitutional right to individualized sentencing in non-capital cases. *Levy,* 904 F.2d at 1035 (citing *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978)). Moreover, "the sentencing function ... has never been thought of as the exclusive constitutional province of any one Branch." *Mistretta v. United States,* 488 U.S. 361, 390, 109 S.Ct. 647, 664, 102 L.Ed.2d 714 (1989). Congress may thus prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion. *Huerta,* 878 F.2d at 94 (citing *Mistretta* ). While the decision whether to depart from a mandatory sentence due to a defendant's substantial assistance remains with the district court, the government's power to *move* for a departure "is predicated on the reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance." *Levy,* 904 F.2d at 1035–36 (citation omitted). That power is no different from the government's power over a defendant's ultimate sentence through its exclusive and unquestioned authority regarding what charges to bring or whether even to charge a defendant at all. Accordingly, for the foregoing reasons, defendant's sentence is AFFIRMED.[4]

---

**2.** Specifically, guideline section 5K1.1 provides that the district court may consider a downward departure only "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."

**3.** We note that *United States v. Curran,* 724 F.Supp. 1239 (C.D.Ill.1989), the principal case relied on by Gardner for the proposition that section 3553(e) is unconstitutional, has been significantly weakened by a recent holding of the

Seventh Circuit. *See United States v. Gridley,* 909 F.2d 1486 (7th Cir.1990) (discussing *United States v. Lewis,* 896 F.2d 246 (7th Cir.1990)).

**4.** As was the case in *Levy,* we need not consider the related question whether a prosecutor's arbitrary or bad faith refusal to move for departure violates due process, because Gardner has not presented that issue to this court. *See Levy,* 904 F.2d at 1036 n. 3 (reserving our opinion on that question for another day); *United States v. Grant,* 886 F.2d 1513, 1514 (8th Cir.1989) (same). *Cf. United States v. White,* 869 F.2d

822, 829 (5th Cir.1989) (guideline section 5K1.1 does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize substantial assistance).