951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford SILER, and Archie B. Powers, Defendants-Appellants.
 Nos. 91-5276, 91-5277.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1991.
 
 Before KEITH and RYAN, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM:
 
 
 1
 Defendants-Appellants Clifford Siler ("Siler") and Archie B. Powers ("Powers") (jointly "appellants") appeal their sentence following guilty pleas to conspiracy to produce and possess marijuana, in violation of 21 U.S.C. 846. For the reasons stated below we AFFIRM.
 
 I.
 
 2
 On July 18, 1990, a federal grand jury returned a three count indictment against Siler and Powers. Count one charged the appellants with conspiring to commit drug offenses, in violation of 21 U.S.C. 846. Count two of the indictment charged appellants with manufacturing approximately 849 plants of marijuana, in violation of 21 U.S.C 841(a)(1). Count three charged appellants with possession with intent to distribute approximately 849 plants of marijuana, also in violation of 21 U.S.C. 841(a)(1).
 
 
 3
 The facts resulting in this indictment are as follows. Officers of the United States Forest Service assigned to do surveillance work on a marijuana field adjacent to a National Forest, witnessed Siler and Powers cultivate two plots of marijuana, totaling 849 plants. Siler and Powers were arrested.
 
 
 4
 Appellants each agreed to plead guilty to count one of the indictment and, in return, the government agreed not to prosecute the remaining counts. As part of Siler's plea agreement, the government agreed to move for downward departure from the Sentencing Guidelines if Siler provided "substantial assistance" to the prosecution of other cases. The agreement gave the government attorney sole discretion to determine whether Siler provided substantial assistance. After concluding that Siler failed to provide substantial assistance, the government did not move for a downward departure.
 
 
 5
 At sentencing, the district court determined that 849 marijuana plants equaled 849 kilograms of marijuana in accordance with the Sentencing Guidelines. As such, the appellants base level offense was 30. Since the appellants accepted responsibility for their crime, they received a two point reduction, lowering their offense level to 28.
 
 
 6
 The Sentencing Guidelines establishes a range of 78 to 97 months for an offense level of 28 with a criminal history category of I. Powers and Siler were sentenced to seventy-eight months imprisonment, to be followed by a four year term of supervised release. Appellants objected to their sentencing and this timely appeal followed.
 
 II.
 
 7
 Powers and Siler argue that the district court erred in failing to depart downward in their sentence. They assert that the district court incorrectly believed that it could not consider the appellant's mitigating circumstances and depart from the guidelines. Generally, we will not review a district court's decision not to depart downward from the Sentencing Guidelines. United States v. Davis, 919 F.2d 1181 (6th Cir.1990). However, if a district court is unaware of its authority to depart downward, the sentence is appealable. See United States v. Maddalena, 893 F.2d 815 (6th Cir.1989). We must remand for re-sentencing if the evidence demonstrates that the sentencing judge lacked knowledge of its discretion to depart downward. See id.
 
 
 8
 18 U.S.C. 3553(b) authorizes a sentencing court to depart from the Sentencing Guidelines if it finds an aggravating or mitigating circumstance which the guidelines fail to adequately take into account. See United States v. Allen, 873 F.2d 963, 966 (6th Cir.1989). Powers argues that the district court should have departed downward because in United States v. Turner, 915 F.2d 1574 (6th Cir.1990), we held that a sentencing judge may depart downward for extraordinary community service. Similarly, Siler contends that in United States v. Jagmohan, 909 F.2d 61 (2d Cir.1990), the Second Circuit found that a district court may use exemplary employment records as a mitigating factor in a downward departure. Based on these cases, both appellants argue that the district court should have departed downward.
 
 
 9
 We are not allowed in our review to decide whether Powers' community service and Siler's work history are sufficiently unusual that the district court erred in not departing downward from the sentencing guidelines. Rather, our review, in the present case, is limited to the question of whether or not the district court was aware of its authority to depart from the Sentencing Guidelines.
 
 
 10
 Here, the district court was clearly aware of his authority to depart from the Sentencing Guidelines. The record shows that in Powers' case, the district court concluded that Turner was inapplicable. In reaching this conclusion, the district court emphasized that the nature of this drug crime required a greater punishment than that at issue in Turner. In Siler's sentencing hearing, the district court remarked that either the prosecutor or the court need a "little more discretion" in sentencing defendants. This clearly demonstrates that the district court was cognizant of the fact that he had some discretion. Based on the sentencing reports, we can not conclude that the district court was unaware of its authority to depart downward. Instead, the record reveals that the district court concluded that under the circumstances of this case, downward departure was unwarranted.
 
 
 11
 Next, Siler argues that the district court erred because it failed to consider that Siler could have been sentenced to the minimum sentence of five years under the Sentencing Guidelines. According to 18 U.S.C. § 3742, a defendant may appeal his sentence in very limited circumstances.** See United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 492 U.S. 910 (1989). This is not one of them. We reject Siler's assignment of error.
 
 
 12
 We further find no merit to Siler's argument that the court incorrectly applied the Sentencing Guidelines. He wishes this Court to remand this case so that the district court may base his sentence on the actual weight of the marijuana plants seized. We note, however, that § 2D1.1(a)(3) of the Sentencing Guidelines directs the court to use the number of marijuana plants as the appropriate measure for sentencing when the offense level involves plants. Here, the agents seized 849 plants. Under the Sentencing Guidelines, this amount corresponded to 849 kilograms. Consequently, the district court did not err in its determination as to the amount of marijuana involved in the offense.
 
 
 13
 Siler contends next that the district court erred when it failed to consider a downward departure under § 5k1.1 of the Sentencing Guidelines for providing "substantial assistance". Siler concedes that the plea agreement provided the government attorney with the discretion to determine whether Siler contributed "substantial assistance." Although the government attorney concluded that Siler failed to substantially assist the government and therefore did not move the court to make a downward departure on Siler's sentence, Siler argues that the district court, nonetheless, erred because it should have considered Siler's substantial assistance in making a downward departure absent a motion from the government. We disagree. In United States v. Levy, 904 F.2d 1026 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991), this Court held that § 5k1.1 of the Sentencing Commission Guidelines, like 18 U.S.C. § 3553(e), provides that the district court can not impose a sentence for substantial assistance below a statutory minimum absent a motion from the government. See also United States v. Gardner, 931 F.2d 1097 (6th Cir.1991).
 
 
 14
 Finally, Siler argues that 5k1.1 is unconstitutional. He argues that, because a government motion is required, the Guidelines give prosecutors unconstitutionally broad discretion in determining whether a defendant will receive a downward departure for substantial assistance. Levy is dispositive on this issue. In Levy, we found that 5k1.1 is not unconstitutional. Id. at 136. Accordingly, we reject defendant's final claim.
 
 III.
 
 15
 For the reasons set forth above, we AFFIRM the conviction and sentence by the Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 Title 18, § 3742 states:
 
 
 A
 defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 (1) was imposed in violation of the law; or
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.