19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Andrew CHURCHILL, Defendant-Appellant.
 No. 93-1696.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Mark Andrew Churchill pleaded guilty to one count of unlawfully manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. Secs. 841(a)(1) & (b)(1)(B)(vii). The district court sentenced Churchill to the mandatory minimum sentence of 60 months and this appeal followed. The parties have briefed the issues. Churchill's appointed attorney has been permitted to withdraw and Churchill has filed a brief in his own behalf.
 
 
 3
 Churchill raises four assignments of error in his pro se brief. He introduces a fifth assignment in his reply brief. Assignments two, four and five are not cognizable in this forum; the other two claimed errors are meritless.
 
 
 4
 The relevant facts are undisputed. Churchill and two other individuals were arrested by state police in connection with a large-scale marijuana growing operation that involved both indoor and outdoor cultivation. Upon his arrest, Churchill accepted full responsibility for the operation and directed law enforcement officials to the site of his previously undiscovered indoor growing location. The total number of marijuana plants found at all locations was approximately 649. Churchill pleaded guilty pursuant to a plea agreement which contemplated the government dropping one of the two charges (the conspiracy charge) and the government promising not to prosecute Churchill's sister for any role she may have played in the offense. The government acted in compliance with the agreement. The district court subsequently sentenced Churchill to the statutory minimum of five years imprisonment from a guideline range of 57 to 71 months.
 
 
 5
 Churchill brings four assignments of error in his initial appellate brief. The first assignment is that the district court mistaken thought "its hands were tied" and failed to realize that it possessed the authority to depart downward from the guideline sentencing range. This assignment lacks merit. Churchill pleaded guilty to a violation of 21 U.S.C. Sec. 841(a)(1) and the penalty provision of 21 U.S.C. Sec. 841(b)(1)(B)(vii) involving over 100 marijuana plants. The statutory minimum sentence for this violation is found at 21 U.S.C. Sec. 841(b)(1)(B)(vii) and is five years. A district court has no authority to depart below a minimum sentence mandated by statute absent a government motion under U.S.S.G. Sec. 5K1.1, the guideline provision recognizing a defendant's substantial assistance to law enforcement agents. 18 U.S.C. Sec. 3553(e); United States v. Gardner, 931 F.2d 1097, 1098-99 (6th Cir.1991) (per curiam). The government did not make a Sec. 5K1.1 motion in this case and there is no suggestion of record that this inaction was motivated by a constitutionally improper factor. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992). This claim lacks merit.
 
 
 6
 Churchill's second assignment of error is that his equal protection rights under the Fourteenth Amendment were violated when his two co-defendants received substantially more lenient sentences in state court than his federally derived punishment. Independent examination of the record before the court reflects that there are no facts presented which would permit appellate review of this claim. Churchill is presumably free to pursue this claim in a post-conviction forum under 28 U.S.C. Sec. 2255.
 
 
 7
 Churchill's third assignment of error concerns the calculation of the amount of marijuana for which he was held to account. Churchill contends that the district court erred in its calculation of his guideline sentence by holding him accountable for 649 marijuana plants and that the guideline scheme of equating one marijuana plant to one kilogram of marijuana is unconstitutional. This claim is meritless. It is initially noted that there was no contemporaneous objection to this calculation registered at sentencing. In general, the appellate court may not review an error to which no objection is made unless it constitutes "plain error" that affects the substantial rights of the defendant. Fed.R.Crim.P. 52(b); United States v. Fountain, 2 F.3d 656, 669-70 (6th Cir.1993); United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). No such plain error exists. Churchill expressly agreed to this figure in fashioning his plea bargain. In addition, the "one plant/one kilogram" challenge has been considered and rejected in other appeals before this court. See, e.g., United States v. Holmes, 961 F.2d 599, 601-03 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992).
 
 
 8
 As for his fourth assignment of error, Churchill argues that the federal authorities should not have caused his criminal prosecution to have been abandoned by the state authorities. As in assignment two, there is absolutely no way for this court to review this claim on the limited record presented by this appeal.
 
 
 9
 Finally, Churchill's reply brief contains a claim that all of the foregoing alleged trial errors are but examples of one overarching error, namely, ineffective assistance of counsel. Ordinarily, a claim of ineffective assistance of trial counsel is not cognizable on direct appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The exception to this rule arises when the record is clearly adequate to address the merits of the allegation. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 10
 To the extent that the claimed ineffective performance can be judged by the record, the claim is meritless. As noted, Churchill's appellate objections to the sentencing court's failure to depart below the statutory minimum and the calculation of the total weight of the marijuana are of no moment. Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). The instant record is not adequate to address the claimed ineffective assistance of counsel in the other respects under Strickland and Hill for the same reasons noted above. Churchill is, again, free to pursue this claim in an appropriate collateral proceeding. No other errors are apparent on the record. This appeal lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.