21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellant,
v.
William STURDIVANT, Defendant-Appellee.
 No. 93-1845.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1994.
 
 Before: NELSON and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by the United States from a sentence imposed in a criminal case. The defendant was convicted of conspiracy to distribute more than 50 grams of cocaine base. Under 21 U.S.C. Sec. 841(b)(1)(A)(iii), the conviction carried a mandatory minimum penalty of imprisonment for ten years.[1] The district court imposed a sentence of only eight years. We shall therefore vacate the sentence and remand the case for resentencing in accordance with the statute.
 
 I.
 
 2
 On three separate occasions during the summer of 1991, the defendant, William Sturdivant, and a man named Bert Latson sold crack cocaine to an undercover agent and a confidential informant working for the agent. In the first transaction the three men met at the defendant's house. Mr. Sturdivant left the house and returned with cocaine in powder form. The agent agreed to buy $600 worth, and he asked that the powder be turned into crack cocaine. The defendant willingly "cooked up" the powder into crack form, showing the agent how this was done. The agent left Mr. Sturdivant's home with 11.9 grams of crack cocaine. The two other transactions were similar, except that the cocaine was already in crack form when Mr. Sturdivant sold it to the agent. The crack cocaine sold on these occasions weighed 48.3 grams and 73.3 grams respectively.
 
 
 3
 Mr. Latson was eventually cut out of the relationship, and on two occasions in September and November the defendant alone sold crack cocaine to the undercover agent. Each time the cocaine was already in crack form when it was turned over to the agent.
 
 
 4
 On April 1, 1992, a federal grand jury returned a six-count indictment against Mr. Sturdivant. The indictment charged him with one count of conspiracy to distribute over 50 grams of cocaine base, three counts of distribution of over five grams of cocaine base, and two counts of distribution of over 50 grams of cocaine base. Mr. Latson was named in the conspiracy count and in two of the distribution counts.
 
 
 5
 Mr. Sturdivant entered a plea of guilty to the conspiracy charge pursuant to a plea agreement. The agreement stipulated that Mr. Sturdivant's offense conduct involved between 150 and 500 grams of cocaine base, and further stipulated that the sentence would be subject to a ceiling of 130 months. A presentence investigation report prepared by a probation officer stated that the total quantity of cocaine base involved came to 210.5 grams. The report set the adjusted offense level at 31, and it placed the defendant, who had no prior criminal record, in criminal history category I. The guideline sentencing range for these variables is imprisonment for 108 to 135 months. The report correctly stated, however, that 21 U.S.C. Sec. 841(b)(1)(A)(iii) mandates a minimum sentence of ten years, which meant that the sentence would have to be between 120 and 135 months. The defendant made no objection to the report.
 
 
 6
 In sentencing Mr. Sturdivant to only 96 months, the district court expressed the opinion that the indicated result was unduly harsh because the minimum sentence was driven by the quantity of drugs the government chose to buy:
 
 
 7
 "In this particular case, I am particularly concerned because the high quantities involved here result from the continuation of the solicitation by the government. I'm not indicating that the government did anything wrong, I don't believe they entrapped you. I think you had the necessary predisposition to engage in this illegal activity. But nevertheless, the fact remains that the guidelines are--the mandatory minimum sentence and the guidelines are implicated by the continuing nature of the government's repeated sales or purchases, rather, from you."
 
 
 8
 The court also noted that Mr. Sturdivant's co-defendant, Mr. Latson, would be receiving a downward departure from the mandatory minimum sentence because of a motion by the government based on Latson's having rendered substantial assistance to the government. Stating that there was not much difference between the defendant and Mr. Latson, the court concluded that the mandatory minimum sentence would be "grossly unfair" and "disproportionate" to that imposed on Mr. Latson. The government did not formally object to the defendant's sentence at the hearing, but filed a timely appeal.
 
 II.
 
 9
 Since the government did not make a formal objection to the defendant's sentence, we must consider whether it has waived its right to appeal. The government did invite the court's attention to the fact that Sec. 841(b)(1)(A) mandates a ten-year sentence, and the court acknowledged that the statute says what it says. The instant case resembles United States v. Smith, 966 F.2d 1045, 1050 n. 4 (6th Cir.1992), in which this court held, under similar circumstances, that the reviewing court could vacate the sentence notwithstanding the absence of a formal objection by the government.
 
 
 10
 The statutory sentencing scheme clearly requires the district court to impose at least the minimum term of imprisonment specified by Sec. 841(b)(1)(A) unless the government moves the court, pursuant to 18 U.S.C. Sec. 3553(e), to impose a lower sentence on the basis of the defendant's substantial assistance in the investigation and prosecution of other offenders.[2] United States v. Morgan, 986 F.2d 151, 152 n. 1 (6th Cir.1993); United States v. Gardner, 931 F.2d 1097, 1098 (6th Cir.1991). The government made no such motion in Mr. Sturdivant's case, and we cannot read Sec. 3553(e) as authorizing a sentence below the statutory minimum in the absence of an appropriate motion by the government.
 
 
 11
 The present case is indistinguishable from United States v. Hodges, 935 F.2d 766 (6th Cir.), cert. denied, 112 S.Ct. 251 (1991), where we held that in the absence of a substantial assistance motion by the government, a sentence at least as great as the mandatory minimum sentence must be imposed on the basis of offense conduct determined "by adding up the total amount [of drugs] sold during the lifetime of the conspiracy." Id. at 772. "Once the quantities specified in the statute are established," we held, "trial judges are obligated to impose at least the applicable mandatory minimum sentence. In other words, trial courts have no discretion with respect to the application of mandatory minimum sentences." Id. (citations omitted).
 
 
 12
 We have no reason to doubt that the total amount of cocaine base involved in Mr. Sturdivant's offense was correctly calculated; under Hodges, therefore, and under the plain language of the statute, the district court was obligated to impose at least a ten-year term of imprisonment. Nothing in United States v. Sivils, 960 F.2d 587 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992), dictates a different result here. Nor does the fact that Mr. Sturdivant's co-defendant was to receive a shorter sentence change anything; the statutory precondition for a shorter sentence was met in the co-defendant's case and was not met in Mr. Sturdivant's case. We may think that the result required by the statute is harsh, but the remedy lies with Congress, not with the courts. The Constitution gives us no charter to rewrite statutes we do not like.
 
 
 13
 Because the district court did not have authority to depart below the minimum sentence mandated by statute, we VACATE the sentence and REMAND the case for resentencing.
 
 
 
 [1]
 "[A]ny person who violates subsection (a) of this section [making it unlawful knowingly or intentionally to possess a controlled substance with intent to distribute it] shall be sentenced as follows:
 (1)(A) In the case of a violation of subsection (a) of this section involving--
 * * *
 (iii) 50 grams or more of a mixture or substance ... which contains cocaine base;
 * * *
 such person shall be sentenced to a term of imprisonment which may not be less than 10 years...." (Emphasis supplied.)
 
 
 [2]
 "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. Sec. 3553(e)