# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1999 SESSION

STATE OF TENNESSEE,

_____Appellee

V.

OTIS L. ARMSTRONG

Appellant.

**FILED**

**December 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

\* W1999-02068-CCA-R3-CD

\* SHELBY COUNTY

\* Hon. Carolyn Wade Blackett, Judge

\* (Aggravated Robbery)

\*

| For Appellant | For Appellee |
|---|---|
| Gerald S. Green | Paul G. Summers |
| 147 Jefferson Avenue, Suite 404 | Attorney General and Reporter |
| Memphis, TN 38103 | 425 Fifth Avenue North |
| | Nashville, TN 37243-0493 |
| | |
| | Patricia C. Kussmann |
| | Assistant Attorney General |
| | 425 Fifth Avenue North |
| | Nashville, TN 37243-0493 |

OPINION FILED:

AFFIRMED

NORMA MCGEE OGLE, JUDGE

**OPINION**

On February 3, 1999, the appellant, Otis L. Armstrong, pled guilty in the Shelby County Criminal Court to aggravated robbery, a class B felony. Tenn. Code Ann. § 39-13-402(b) (1997). The appellant pled guilty in return for the State's recommendation to the trial court that he receive a sentence of eight years incarceration in the Tennessee Department of Correction as a standard, Range I offender. Moreover, the parties agreed that the trial court would determine whether the appellant's sentence should be suspended. Following a sentencing hearing, the trial court accepted the State's recommendation of an eight year sentence and further observed that the Criminal Sentencing Reform Act of 1989 does not authorize probation in the appellant's case. On appeal, the appellant challenges the constitutionality of that provision of the Sentencing Act prohibiting a probationary sentence in all cases of aggravated robbery. See Tenn. Code Ann. § 40-35-303(a)(1997). Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

Citing, among other cases, Woodson v. North Carolina, 428 U.S. 280, 96 S. Ct. 2978 (1976), the appellant argues that Tenn. Code Ann. § 40-35-303(a) violates the United States and Tennessee constitutions in light of the statute's failure to afford the trial court discretion in granting or denying a sentence of probation. However, in a noncapital context, there exists no federal constitutional right to an individualized sentencing determination. Harmelin v. Michigan, 501 U.S. 957, 995-996, 111 S. Ct. 2680, 2702 (1991). See also, e.g., United States v. Walls, 70 F.3d 1323, 1331 (D.C. Cir. 1995); United States v. Capusano, 947 F.2d 1, 3 (1st Cir. 1991); United States v. Gardner, 931 F.2d 1097, 1099 (6th Cir. 1991); United States v. Prior, 107 F.3d 654, 658 (8th Cir. 1996); Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir. 1995). Moreover, the appellant cites no authority for the proposition that the Tennessee Constitution requires more. In short, the appellant's argument is without merit.

Accordingly, we affirm the judgment of the trial court.

2

_____
Norma McGee Ogle, Judge

CONCUR:

_____
John H. Peay, Judge


_____
Alan E. Glenn, Judge