UNITED STATES of America, Plaintiff–Appellant,

v.

Sanco GRANT III, Defendant–Appellee.

No. 07–50086.

United States Court of Appeals, Ninth Circuit.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 6, 2009.*

Filed Feb. 10, 2009.

Michael J. Raphael, Esq., Kevin Lally, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

David M. Dudley, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: HALL, SILVERMAN and CALLAHAN, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM \*\*

The United States appeals the district court's imposition of a sentence below the mandatory minimum required by 21 U.S.C. § 841(b)(1) for Defendant Grant following his guilty plea to violating 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii). We have jurisdiction pursuant to 18 U.S.C. § 3742(b)(1). We review de novo both the question of whether the district court possessed the authority to impose a sentence below the statutorily mandated minimum, *United States v. Vilchez,* 967 F.2d 1351, 1353 (9th Cir.1992), and the constitutionality of the sentence, *United States v. Barajas–Avalos,* 377 F.3d 1040, 1060 (9th Cir. 2004), and we vacate and remand for re-sentencing.

We previously have held that, absent an applicable exception under 18 U.S.C. §§ 3553(e) or (f),[1] district courts lack the authority to refuse to impose the mandatory minimum sentence required by 21 U.S.C. § 841(b)(1). *See United States v. Haynes,* 216 F.3d 789, 799–800 (9th Cir. 2000). The Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not alter this conclusion. *See United States v. Hernandez–Castro,* 473 F.3d 1004, 1007 (9th Cir.2007).

Likewise, we previously have held that the imposition of a mandatory minimum sentence does not violate a defendant's Fifth Amendment right to due process, even post-*Booker. See United States v. Hungerford,* 465 F.3d 1113, 1118 (9th Cir. 2006). This is true even if the district court considers the sentence to be unreasonable. *See United States v. Washington,* 462 F.3d 1124, 1140 (9th Cir.2006)

---

1. Grant does not contend that any exception applies in his case.

("[J]udges still are required to impose higher mandatory minimum sentences ... even if the mandatory minimum makes it impossible for the judge to impose a sentence that the court considers reasonable.").

Finally, the imposition of a ten-year sentence under these circumstances would not violate Grant's Eighth Amendment right to be free from cruel and unusual punishment. *See United States v. Labrada–Bustamante,* 428 F.3d 1252, 1265 (9th Cir. 2005) (upholding 20–year mandatory minimum sentence under 21 U.S.C. § 841 against Eighth Amendment challenge).

We conclude that the district court erred in sentencing Grant below the mandatory minimum, and we therefore vacate the sentence and remand for re-sentencing consistent with this memorandum disposition.

SENTENCE VACATED and REMANDED for re-sentencing.