NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0029n.06

No. 08-5716

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 12, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                       )
                                                )       ON APPEAL FROM THE
　　　　*Plaintiff-Appellee*,                    )       UNITED STATES DISTRICT
                                                )       COURT FOR THE EASTERN
v.                                              )       DISTRICT OF KENTUCKY
                                                )
DELMARO JOHNSON,                                )       **O P I N I O N**
                                                )
　　　　*Defendant-Appellant*.                   )


BEFORE:　　NORRIS, COLE, and KETHLEDGE, Circuit Judges.

**PER CURIAM.** Defendant-Appellant Delmaro Johnson appeals his mandatory-minimum

sentence on due process grounds. For the following reasons, we **AFFIRM**.

Johnson pleaded guilty to conspiracy to distribute and possess with intent to distribute

cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Based on an offense level of 21 and

criminal history category VI, the Presentence Report calculated Johnson's United States Sentencing

Guidelines ("Guidelines") range at 77-96 months of imprisonment. However, because Johnson had

a prior conviction for a felony drug offense, he was subject to a 120-month mandatory minimum

under 21 U.S.C. § 841(b)(1)(B). The district court sentenced Johnson to 120 months' imprisonment,

the statutory mandatory-minimum sentence. Johnson does not contest that the mandatory minimum

was correctly applied to him; his only argument on appeal is that the district court violated his due

process rights by sentencing him to the mandatory minimum rather than within his lower, otherwise-applicable Guidelines range.

As Johnson acknowledges, this Court has held that mandatory-minimum sentences do not violate due process. *See United States v. Gardner*, 931 F.2d 1097, 1099 (6th Cir. 1991). Under the law-of-the-circuit doctrine, this panel may not overrule a prior panel's decision "unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (citation omitted). Johnson argues that *United States v. Booker*, 543 U.S. 220 (2005), requires modification of our prior holding in *Gardner* because *Booker* "effectively ended the era in which sentences were determined as a matter of law," *United States v. Grant*, 524 F. Supp. 2d 1204, 1215 (C.D. Cal. 2007), *vacated*, 312 F. App'x 39 (9th Cir. 2009). To the contrary, this Court has reaffirmed the constitutionality of mandatory-minimum sentences post-*Booker*. *See United States v. Franklin*, 499 F.3d 578, 586 (6th Cir. 2007) ("Although *Booker* gave substantial discretion to the sentencing court to impose sentences below a mandatory maximum, nothing in *Booker* allows the court to negate the imposition of a mandatory minimum sentence.").

Therefore, Johnson's due process argument is foreclosed by the law-of-the-circuit doctrine, and his sentence is **AFFIRMED**. The government's motion to dismiss Johnson's appeal is **DENIED** as moot.