UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,

v.

Janese MORGAN, Defendant–Appellant, Cross–Appellee.

Nos. 91–2402, 92–1092.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 26, 1993.

Decided Feb. 19, 1993.

Jonathan Tukel (argued and briefed), Office of U.S. Atty., Detroit, MI, for plaintiff-appellee, cross-appellant.

James J. Hoare (argued and briefed), Hoare & Lyda, Farmington Hills, MI, for defendant-appellant, cross-appellee.

Before: MERRITT, Chief Judge, and KENNEDY and GUY, Circuit Judges.

PER CURIAM.

Defendant, Janese Morgan, appeals the district court's refusal to make a downward departure at sentencing. Morgan also urges on appeal that the trial judge abused his discretion in failing to "individu-

alize" her sentence to include alternate forms of incarceration along with regular incarceration.

The government has filed a cross-appeal, claiming the district judge erred in not enhancing defendant's sentence for obstruction of justice. The obstruction of justice claimed was Morgan's alleged perjury while testifying at trial.

Upon review, we reject defendant's claims of error but find merit in the government's cross-appeal, and we remand for resentencing.

## I.

Morgan was arrested and indicted after completing a hand-to-hand sale of crack cocaine to an undercover agent of the Drug Enforcement Administration (DEA). The DEA agent had been introduced to the defendant by a confidential informant who acted as an intermediary. The informant was also present at the time of the sale.

Arrangements for the sale had been made over the telephone. The telephone conversation between the defendant and the informant was recorded. A good deal of the jargon of the narcotics trade was used by both parties to this recorded conversation.

At trial, defendant took the stand and denied virtually everything. When questioned about the telephone conversation, she admitted her participation, but claimed she did not know what she meant when she spoke the recorded words.

As to the sale itself, defendant admitted being there, but denied everything else. A jury found defendant guilty of distributing cocaine base as was charged in the indictment.

## II.

The Sentencing Issues Raised by the Defendant

At sentencing, defendant offered a number of factors which she claimed merited a downward departure. These included her education, employment, family ties, and the fact that she was the mother of a young child born while she was incarcerated awaiting trial. Morgan also stated that she was coerced by the undercover informant to become involved at the risk of exposure by the informant of their illicit love affair. The district court declined to depart downward and imposed a sentence of 65 months. The sentencing guideline range was 63 to 78 months, and there was a mandatory five-year minimum statutory sentence required.[1]

■ In *United States v. Pickett*, 941 F.2d 411 (6th Cir.1991), we discussed appeals from denials of discretionary downward departure motions. We held:

[A] district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable. *United States v. Gregory*, 932 F.2d 1167 (6th Cir.1991); *United States v. Davis*, 919 F.2d 1181, 1187 (6th Cir.1990); *United States v. Smith*, 918 F.2d 664, 667 (6th Cir.1990), *cert. denied*, [——] U.S. [——], 111 S.Ct. 1088, 112 L.Ed.2d 1192 (1991); *United States v. Draper*, 888 F.2d 1100, 1105 (6th Cir. 1989).

*Pickett*, 941 F.2d at 417–18. Since Morgan's sentence was within the properly computed and unchallenged guideline range, we decline any further review.

■ Defendant also urged the court to fashion a sentence that included home and community confinement. The court declined to do so. The short answer to defendant's appeal of the trial court's denial of her request is that the defendant was not eligible for "substitute punishment." Section 5C1.1(f) of the Sentencing Guidelines provides that, "[i]f the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment." Defendant's guideline range fell within Zone D.

---

1. Although it is unclear how much of a downward departure defendant was seeking, the court could not have gone below 60 months absent a substantial assistance motion being filed by the government. *United States v. Gardner*, 931 F.2d 1097 (6th Cir.1991).

■ Additionally, even if the defendant were eligible for substitute punishment, we would find no abuse of discretion on the part of the trial judge in failing to impose such a sentence.

## III.

### The Government's Cross–Appeal

The United States Sentencing Guidelines provide in section 3C1.1:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

If a sentencing court makes a finding that a particular adjustment provision is applicable, "the court has no discretion, but must increase the offense level by the amount called for in the applicable provision." *United States v. Feinman*, 930 F.2d 495, 500 (6th Cir.1991). We thus held in *United States v. Alvarez*, 927 F.2d 300, 303 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2246, 114 L.Ed.2d 487 (1991), that if a court makes a finding that a defendant "testified untruthfully as to a material fact while under oath, the district court [has] no discretion under the Sentencing Guidelines in applying § 3C1.1."

■ Although the district court declined to make a finding as to defendant's commission of perjury, it is clear from his comments that he was disinclined to apply the enhancement, concluding the government's remedy was to bring a perjury prosecution. Although this is an option open to the government, it does not preclude its request to apply the enhancement provisions of the guidelines.

■ Although the government argues persuasively that the defendant's trial testimony included perjury as to material facts, we decline to substitute our judgment in the first instance for that of the trial judge who was present during defendant's testimony. We therefore remand to allow the district judge to make a determination as to the perjury issue. If a factual finding is made that perjury was committed, then the guidelines direct that the enhancement be given.[2]

REMANDED for resentencing.

MERRITT, Chief Judge, dissenting.

I agree with Parts I and II of the Court's opinion, but I disagree with Part III.

On the perjury issue discussed in Part III, Judge Rosen declined to raise the defendants' sentence by two levels for obstruction of justice, saying:

> I take a fairly dim view of an enhancement based on trial testimony. If the government feels that the obstruction alleged results from trial testimony by a defendant, then the government ought to charge perjury as a separate count.

The prosecutor then suggested that that means the Court found that the defendant had testified truthfully. Judge Rosen replied:

> No, I'm not making a finding either way. If you feel that she has committed a separate independent offense, lying under oath, charge her with perjury.... I think that an obstruction enhancement will lay when someone is attempting to threaten witnesses, hide evidence, destroy evidence, somehow to impact the proceedings.

This case appears to add another to the long list of cases in which we have unnecessarily removed judgment and discretion from the district court in sentencing. *See, e.g., United States v. Martin*, 972 F.2d 349 (6th Cir.1992) (defendant should be sentenced for an acquitted count if judge believes defendant guilty by "preponderance of evidence") and *United States v. Davern*, 970 F.2d 1490 (6th Cir.1992) (Merritt, Chief Judge, dissenting from *en banc* decision and discussing the unnecessary removal of

---

**2.** During the pendency of this appeal, the Supreme Court heard arguments in *United States v. Dunnigan,* 944 F.2d 178 (4th Cir.), *cert. granted,* —— U.S. ——, 112 S.Ct. 2272, 119 L.Ed.2d 199 (1992), which involves a constitutional challenge to basing an enhancement on a defendant's untruthful trial testimony. On remand, the trial judge and parties will have to consider the decision in *Dunnigan.*

discretion from the district courts in many sentencing cases) and *United States v. Silverman*, 945 F.2d 1337 (6th Cir.1991) (same). The straightjacket of "sentencing reform" becomes ever more tightly bound and inflexible as each month goes by. In the name of "sentencing reform" the sentences go up and up and the sentencing judge becomes more of an automaton controlled by the prosecutor.

I find no language in the sentencing guidelines or the Sentencing Reform Act of 1984 which requires the district court in all cases to make a finding on whether a defendant has committed perjury while testifying. This requirement of a "finding" on obstruction is judicially imposed by the Court, not by the guidelines.[1] This view seems contrary to the language of *United States v. Bennett*, 975 F.2d 305 (6th Cir. 1992), decided by a unanimous court only six months ago:

> The sentencing court retains considerable discretion in deciding whether a defendant's perjury amounts to an obstruction of justice under the Guidelines. The court's decision to assess or not to assess an enhancement will serve the ends of justice as articulated by Congress in 18 U.S.C. § 3553(a)(2) (outlining the factors to be considered in imposing a sentence under the Guidelines). On appeal, we review whether the district court abused its discretion in applying § 3C1.1.

I asked government counsel at oral argument if he knew of any case authority requiring the district court to make a finding on perjury in each such case. He said he had found no precedent so holding. He also said in answer to my question that he knew of no language in the guidelines imposing this requirement to make a finding of fact. It was the government's view, and now it is apparently the Court's unstated view, that such a requirement is implicit in the guidelines structure. The Court does not, however, discuss this point or advance its theory for this implicit requirement. The Court apparently simply assumes that

a district court is required to make findings on perjury with respect to answers given when the defendant takes the stand and the jury convicts the defendant. Is this rule meant to apply to all answers in all cases so that the requirement will be "uniformly" applied? Or will it be applied only at the prosecutor's pleasure? Will it be applied only in those cases in which the prosecutor decides to bring the matter up in order to impose this requirement on the district court? It would be helpful for the Court to say where exactly this strict requirement comes from, how and in what circumstances it should be applied and why the district court should be so constrained.

</div>

---

1. The guidelines say only that the sentencing judge should "Apply the adjustments as appropriate," § 1B1.1. I would think the district judge is in a far better position than we to make

this judgment and we should give some deference to his judgment that a "finding" is not necessary.