9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vaughn BLASINGAME, Defendant-Appellant.
 No. 93-3050.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1993.
 
 Before: MARTIN and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Vaughn Blasingame appeals the sentence he received after pleading guilty to one count of distribution of a controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1). Blasingame challenges the district court's calculation of his criminal history level under section 4A1.1 of the Sentencing Guidelines and argues that the court erred in failing to depart downward from the applicable Guidelines range. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 In the spring of 1992, Vaughn Blasingame twice sold crack cocaine to a Drug Enforcement Agency undercover agent in Cincinnati, Ohio. A grand jury subsequently returned a three-count superseding indictment against Blasingame, charging him with two counts of distribution of a controlled substance and one count of conspiring to steal public money. On September 4, Blasingame entered a plea of guilty to Count Two, admitting that he sold 16.4 grams of crack cocaine to the DEA agent on April 2. The remaining counts were dismissed on the government's motion.
 
 
 3
 Adopting the probation officer's application of the Guidelines, the district court at sentencing determined that Blasingame's record of past criminal conduct merited eleven criminal history points, resulting in a criminal history category of V. Coupled with Blasingame's offense level of twenty-three, this calculation resulted in an applicable sentencing range of eighty-four to one hundred five months imprisonment. Over Blasingame's objections to the Guidelines calculations, the district court sentenced Blasingame to an eighty-four month term of incarceration to be served concurrently with a state sentence, followed by a four-year period of supervised release. This timely appeal followed.
 
 
 4
 Blasingame initially challenges the district court's calculation of his criminal history total under section 4A1.1. In short, Blasingame maintains that a proper application of section 4A1.1 to his record of past criminal conduct results in a criminal history total of ten, not eleven, points. We disagree.
 
 
 5
 The district court properly ascribed three criminal history points to Blasingame for a 1985 conviction for felonious assault. Under section 4A1.2(d)(1), the sentencing court is directed to add three criminal history points for each offense committed prior to age eighteen where "the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." U.S.S.G. Sec. 4A1.2(d)(1). Section 4A1.2(d)(2), on the other hand, applies only to juvenile offenses that do not meet the criteria set forth in subsection (d)(1). Here, subsection (d)(1) clearly controls. Blasingame was arrested on the felonious assault charge on August 30, 1984, eight days after his eighteenth birthday. Subsequently convicted as an adult, Blasingame received a sentence of three to fifteen years imprisonment. Given the length of the sentence imposed and the fact that Blasingame was convicted as an adult, the district court did not err in determining that this conviction merited an addition of three criminal history points under section 4A1.1.
 
 
 6
 Furthermore, the district court properly added a single criminal history point to Blasingame's total pursuant to section 4A1.1(e). Despite Blasingame's assertions to the contrary, there is no interaction between sections 4A1.1(e) and 4A1.2(d)(2)(B). Instead, section 4A1.1(e) directs the sentencing court to add one point "if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b)" and two points were already added under subsection (d). In this case, Blasingame admitted that he distributed crack cocaine on April 2, 1992. This federal offense occurred within two years of his release from imprisonment on two separate Ohio convictions: (1) ninety days incarceration following an August 1, 1990 conviction for disorderly conduct and resisting arrest; and (2) six months incarceration (with twelve months suspended) following a September 18, 1991 conviction for receiving stolen property. These state sentences were both counted under sections 4A1.1(a) and (b). Accordingly, Blasingame's challenge to the district court's addition of one criminal history point to his total under section 4A1.1(e) must fail.
 
 
 7
 Finally, Blasingame contends that the district court erred in failing to depart downward from the applicable Guidelines range because the Guidelines calculations did not accurately reflect the nature of his prior involvement in criminal activity. This argument lacks merit. Where, as here, the sentence falls within the appropriate Guideline range, it is well established that the district court's refusal to depart downward is not appealable. United States v. Morgan, 986 F.2d 151, 152 (6th Cir.1993); see also United States v. Draper, 888 F.2d 1101, 1105 (6th Cir.1989) (a sentence within the Guidelines is "not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence"). Because Blasingame's criminal history score and offense level were properly calculated, the district court did not abuse its discretion in declining to depart downward.
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed.