28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald W. CARDEN, Defendant-Appellant.
 No. 93-2376.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: JONES and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 ORDER
 Donald W. Carden appeals his criminal conviction and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 Following a jury trial, Carden was convicted on two counts of distribution of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to serve two concurrent terms of thirty-three months of imprisonment and four years of supervised release. Carden was acquitted on two additional counts of distribution of cocaine base and one count of attempting to kill a government witness.
 On appeal, Carden presents three issues for review: (1) whether government agents entrapped him as a matter of law; (2) whether evidence that his codefendant possessed a knife on a date three months prior to the attempt against a government agent was prejudicial; and (3) whether an enhancment under the sentencing guidelines for obstruction of justice was properly applied. Upon review, we conclude that the appeal lacks merit.
 
 
 1
 First, Carden's claim that government agents entrapped him as a matter of law is not supported by the record. When reviewing a claim of entrapment as a matter of law, we must first determine whether the evidence of predisposition is undisputed. See United States v. Barger, 931 F.2d 359, 366 (6th Cir.1991). If the evidence of predisposition is disputed, as here, the question must be decided by the jury, and a finding of entrapment as a matter of law is not appropriate. See id.
 
 
 2
 Carden's argument that government agents entrapped him in violation of due process also lacks merit. To establish a due process violation, a defendant must show outrageous conduct on the part of the government. The Sixth Circuit has identified four factors for determining whether governmental conduct is outrageous: (1) the need for police conduct as shown by the type of criminal activity involved; (2) the impetus for the scheme, i.e., whether the scheme preexisted the government's involvement; (3) the control the government exerted over the enterprise, and (4) the impact of government's involvement in the commission of the crime. United States v. Robinson, 763 F.2d 778, 785 (6th Cir.1985). Notably, these are but factors for consideration, and not every one need be shown. Barger, 931 F.2d at 363. Reviewing the record in light of these factors, Carden has not shown that the government's conduct was outrageous.
 
 
 3
 Second, Carden was not prejudiced by the admission of evidence that his codefendant possessed a knife because he was found not guilty of the charge of attempting to kill a government agent.
 
 
 4
 Third, an enhancement for obstruction of justice was proper. We review the enhancement for clear error. United States v. Perry, 991 F.2d 304, 311 (6th Cir.1993). Once it is determined that an enhancement provision applies, the district court has no discretion but to apply the enhancement required under the guideline provision. United States v. Morgan, 986 F.2d 151, 153 (6th Cir.1993) (per curiam). An enhancement for obstruction of justice is authorized under U.S.S.G. Sec. 3C1.1 based on the district court's finding of perjury. United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993). The district court's determination that enhancement is required is sufficient if the district court's finding encompasses the factual predicates for a finding of perjury. Id. at 1117. The district court's finding that a defendant was untruthful with respect to material matters in the case that were designed to substantially affect the outcome, especially when the defendant's testimony is contradicted by that of other witnesses, meets this standard. Id. Contrary to Carden's argument, an enhancement under this section does not undermine a defendant's right to testify. See id. at 1117-18.
 
 
 5
 In the present case, the district court determined that the enhancement was warranted by virtue of Carden's failure to give truthful testimony in material matters that were designed to substantially affect the outcome of the case. Moreover, Carden's testimony was contradicted by that of other witnesses. Because the district court's finding of perjury is supported by the record, an enhancement under U.S.S.G. Sec. 3C1.1 was authorized.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed.