73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Neri MARROQUIRN, Defendant-Appellant.
 No. 93-1944.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1995.
 
 1
 Before: BATCHELDER and BOGGS, Circuit Judges; and ALDRICH, District Judge.*
 
 
 2
 ANN ALDRICH, District Judge.
 
 
 3
 Neri Marroquirn appeals his conviction for violating 18 U.S.C. Sec. 922(g) and the application of section 3C1.1 of the United States Sentencing Guidelines to his sentence. For the reasons discussed below, the judgment of the district court is affirmed in part and remanded for resentencing.
 
 I.
 
 4
 On November 2-4, 1992, Marroquirn was tried for a violation of 18 U.S.C. Sec. 922(g), and for a drug offense. At the close of the government's case, the district court denied Marroquirn's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Marroquirn did not renew the Rule 29 motion at the close of all the evidence.
 
 
 5
 At the trial, one Joseph Secrete, an agent of the Bureau of Alcohol, Tobacco, and Firearms, testified that, while undercover, he was contacted on May 29, 1992 by Marroquirn, who told Secrete that he had a gun for sale. On May 30, 1992, Secrete tape recorded a telephone conversation he had with Marroquirn. This recording was admitted as evidence in the trial, although the transcript prepared by Secrete was not. Secrete testified that, during this conversation, Marroquirn told him that he had a .22-caliber and a .357-caliber gun available for sale to Secrete. Marroquirn told Secrete that the .22 would cost $200.00. Secrete and Marroquirn agreed to meet on June 1 to complete the transaction.
 
 
 6
 At the scheduled time, Secrete went to the address at which he had agreed to meet Marroquirn. Secrete tape recorded this meeting as well. Secrete, at trial, testified to the following events. Marroquirn and a friend of his met Secrete at the pre-arranged meeting place. Marroquirn told Secrete that the gun was in a house next door, and that they would have to await the return of a neighbor--whom he identified only as "Rick"--before they could go into the house and finalize the sale. Upon Rick's arrival, Secrete and Marroquirn entered the house and went to the kitchen. On the kitchen table were a .22 caliber semi-automatic pistol and a .44 caliber revolver. Rick announced "I don't have nothing to do with this; this is between you and Neri [Marroquirn]," and left the room. Secrete then asked Marroquirn how much he wanted for the .22, and Marroquirn asked for $200.00. Secrete, after paying for the gun, asked Marroquirn if it worked. Marroquirn took the weapon from the table and demonstrated to Secrete how to operate the gun. Secrete then asked for a bag in which to put the gun. Marroquirn found Rick and asked him for a bag. Prior to Secrete's taking the gun with him, Marroquirn picked it up again and wiped it of fingerprints.
 
 
 7
 Marroquirn testified in his own defense and admitted that he had sold the gun to Secrete. However, he specifically denied ever having touched the gun, and he denied all ownership interest in the gun. He claimed to be selling the gun on behalf of its owner.
 
 
 8
 On November 4, 1992, the jury returned a guilty verdict on the charge of a violation of Sec. 922(g), and a not guilty verdict on the drug charge. At a sentencing hearing on July 2, 1992, the district court heard argument on the government's motion for a two point enhancement for obstruction of justice. The government's argument did not identify any specific statement the government claimed to have been perjurious. The trial court made the following factual finding regarding whether Marroquirn had perjured himself:
 
 
 9
 My recollection of the tapes as to the drug transactions[1] were that they were unmistakable as to what Mr. Marroquirn was involved in. There was no question at all--the only question in the trial was whether they were going to convict him on the drug charge, in my view. The evidence was overwhelming on the gun charge. And--including the tapes as well as the testimony of the people that were involved.
 
 
 10
 In my view, Mr. Marroquirn simply chose to go to trial, rolled the dice and took the stand and lied through his teeth. There's no question about that.
 
 
 11
 I would have a hard time with any degree of intellectual honesty in finding that there was not perjury committed in this case.
 
 
 12
 The district court made no other factual finding relative to the enhancement for obstruction of justice; in particular, the court did not identify any specific statement it found to have been knowingly false and material. The court then applied U.S.S.G. Sec. 3C1.1 and increased the offense level by two points. Marroquirn objected to the application of the enhancement provision.
 
 II.
 
 13
 "Failure to renew a motion for judgment of acquittal at the close of all the evidence limits the reviewing court to examine for plain error or to determine whether a manifest miscarriage of justice has occurred." United States v. Rigsby, 943 F.2d 631, 644 (6th Cir.1991). Because Marroquirn did not renew his Rule 29 motion at the close of the evidence, this Court reviews his conviction for plain error or manifest miscarriage of justice.
 
 
 14
 Title 18, U.S.C. Sec. 922(g) provides in pertinent part:
 
 
 15
 It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition.
 
 
 16
 To sustain a conviction, the government must establish the following elements: "1) that Defendant was a convicted felon ...; 2) that he was knowingly in possession of a firearm; and 3) that said firearm had traveled in interstate commerce." United States v. Gordon, 744 F.Supp. 149, 151 (E.D.Mich.1990), aff'd. 940 F.2d 663 (6th Cir.1991). "Possession may be either actual or constructive and it need not be exclusive but may be joint." United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.1973), cert. denied 94 S.Ct. 54 (1973) (interpreting "possess" within meaning of version of 26 U.S.C. Sec. 5861(d), prohibiting possession of unregistered firearm, then in effect). "Actual possession exists when a tangible object is in the immediate possession or control of the party." Id. Constructive possession, on the other hand, "exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." Id; and United States v. Moreno, 933 F.2d 362, 373 (6th Cir.1991), cert. denied, 112 S.Ct. 265 (1991). The duration of the possession is immaterial. United States v. Sanders, 462 F.2d 122, 124 (6th Cir.1972); and Gordon, 744 F.Supp. at 151.
 
 
 17
 Here, Secrete testified at trial that Marroquirn picked up the gun to demonstrate its possession, and picked it up again to wipe it clean of fingerprints.[2] The fact that this possession was for a short period of time is not relevant to the offense. In Gordon, for instance, the defendant had possessed a weapon only long enough to carry it from an automobile to another automobile a few feet away; this was sufficient to establish possession. Whether Marroquirn was the "owner," entitled to dispose of the gun through sale, is of course irrelevant, in that possession can be joint. Although Marroquirn testified that he did not touch the gun at any time, the jury was entitled to disbelieve this evidence and credit Secrete's contrary testimony. Secrete's testimony, then, sufficiently supports the jury's determination that Marroquirn actually possessed the gun. This Court need not, and does not, reach the question of constructive possession, because the evidence of actual possession is sufficient to support the conviction.
 
 
 18
 The conviction was the result neither of plain error nor a manifest miscarriage of justice. Marroquirn's conviction is affirmed.
 
 III.
 
 19
 Section 3C1.1 of the 1992 United States Sentencing Guidelines, in effect at the time of the commission of the offense, provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." A defendant obstructs justice if he commits perjury while testifying in his defense. United States v. Dunnigan, 113 S.Ct. 1111, 1115-1116 (1993); and U.S.S.G. Sec. 3C1.1, comment. (n. 1(c)) (Nov. 1989). A defendant commits perjury if, while testifying under oath or affirmation, "she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." Dunnigan, 113 S.Ct. at 1116.
 
 
 20
 To apply Sec. 3C1.1, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." Id., at 1117. If the court finds that the defendant committed perjury, application of the enhancement provision is mandatory. United States v. Morgan, 986 F.2d 151, 153 (6th Cir.1993). This factual finding must encompass all of the factual predicates for a finding of perjury. Id. Thus, the district court "should identify specifically which statements or actions by a defendant constitute an obstruction of justice." United States v. Clark, 982 F.2d 967, 970 (6th Cir.1993). The Clark court affirmed a district court's application of Sec. 3C1.1 where the court had not made the requisite specific findings, but had instead referred to the prosecution's motion, which referred specifically to the defendant's false testimony. However, the Court held that the rule that "should be followed hereafter" is that the district court must identify the specific statement it finds perjurious, because "[o]rdinarily, only with that kind of record can the appellate court properly perform its responsibility to review whether an enhancement for obstruction of justice is proper." Id.
 
 
 21
 Here, the district court did not identify which statement it found to be perjurious. In addition, the district court failed to make a finding that encompassed all of the factual predicates of a finding of perjury, as required by the Supreme Court in Dunnigan. That is, while the district court found that Marroquirn had committed perjury, it did not identify a particular material statement that was made while under oath, or affirmation, and willfully false.
 
 
 22
 Much of the parties' argument misses the point. Marroquirn maintains that the evidence does not support a finding that he testified falsely regarding a material matter, and the government, predictably, takes the contrary view. This Court cannot resolve this question on the record before it, however, because nowhere does the district court identify the statement if found to be perjurious.
 
 
 23
 Because of the state of the record here, this Court cannot review the district court's judgment to determine whether it comports with the Supreme Court's dictate in Dunnigan. Consequently, this Court must remand for re-sentencing. On remand, the district court is of course free to identify with specificity any statement it finds to have been perjurious, and to find the specific factual predicates necessary to support a finding of perjury.
 
 IV.
 
 24
 The judgment of conviction is AFFIRMED, and the case is REMANDED for resentencing in accordance with this opinion.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The government suggests that the Court misspoke here, and intended to refer to the possession of a firearm charge rather than the drug charge
 
 
 [2]
 Marroquirn makes much of the lack of clarity of the tapes of his meeting with Secrete, and argues that this Court should not consider them. This, however, is irrelevant, because Secrete's trial testimony, without the tape transcripts, was that Marroquirn had physical possession of the gun