97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald W. CARDEN, Defendant-Appellant.
 No. 96-1374.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Donald W. Carden, a federal prisoner, appeals the second amended judgment and commitment order imposed following the revocation of his supervised release. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carden was originally convicted on two counts of distributing cocaine base and was sentenced on October 19, 1993, to 33 months in prison and four years of supervised release. His conviction was affirmed by a panel of this court in an unpublished order. United States v. Carden, No. 93-2376, 1994 WL 284542 (6th Cir. June 27, 1994). Carden's term of supervision commenced on July 3, 1995, after completion of his prison term. On February 27, 1996, a supervised release revocation hearing was held based upon six positive urine samples and Carden's failure to report for counseling on four occasions. During the hearing, Carden admitted using heroin on one occasion. The district court, accordingly, found him guilty of violating the terms of his supervised release, revoked supervised release, and, on February 28, 1996, imposed a prison term of 12 months to be served in a medical facility for treatment of psychiatric and mental health. This judgment was amended on March 7, 1996, to provide that Carden receive treatment for drug abuse while incarcerated.
 
 
 3
 Carden subsequently filed a motion to correct his sentence pursuant to Fed.R.Crim.P. 35(c). He asked the court to consider applying the policy statements found in the Sentencing Guidelines and reduce his sentence to fall within the four to ten-month range provided by USSG § 7B1.4, p.s. On March 21, 1996, the district court granted the motion and issued a second amended judgment and commitment order, sentencing Carden to ten months of incarceration in a medical facility which would provide treatment for drug abuse. The judgment was entered on March 22, 1996.
 
 
 4
 Carden's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Carden had no meritorious issues to appeal, he identified two possible issues for review: (1) whether the district court abused its discretion in revoking Carden's supervised release and sentencing him to a term of imprisonment, and (2) whether the ten-month sentence was lawfully imposed. Although Carden was notified of his right to file a response to counsel's motion and brief, none has been received by this court.
 
 
 5
 Upon careful consideration, we grant counsel's motion to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the issues identified by counsel are without merit.
 
 
 6
 The district court did not abuse its discretion when it revoked Carden's supervised release. See United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). Carden's admission that he used a controlled substance on one occasion and his corresponding plea of guilty to violation number one proved his guilt by a preponderance of the evidence. Pursuant to 18 U.S.C. § 3583(g), the district court was required to terminate the term of supervised release upon finding that Carden had used a controlled substance. See United States v. Jackson, 70 F.3d 874, 877 (6th Cir.1995). There was no error.
 
 
 7
 Nor did the district court err in imposing a ten-month prison term upon revocation of Carden's supervised release. This court "will affirm a district court's sentence of imprisonment upon mandatory revocation of supervised release provided that the district court considered the applicable policy statements, the sentence is within the range prescribed by statute, and the sentence is not plainly unreasonable." Jackson, 70 F.3d at 878. The district court complied with these requirements when it issued its second amended judgment sentencing Carden to the upper end of the sentencing range set by USSG § 7B1.4, p.s.
 
 
 8
 We have reviewed the record for other appealable issues and have found none. Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on March 22, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.