**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4241

NATHANIEL NORRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-96-248)

Submitted: January 20, 1998

Decided: February 12, 1998

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Renee R. Christina, Greenville, South Carolina, for Appellant. Harold
Watson Gowdy, III, OFFICE OF THE UNITED STATES ATTOR-
NEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nathaniel Norris appeals from his 188-month sentence imposed after his guilty plea to possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (1994). Norris' attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the sentencing court's classification of Norris as a career offender and contending that the sentence imposed was too severe. However, counsel asserted that there are no meritorious issues for appeal. Norris, after notification of his right to file an additional brief, filed a brief asserting several claims of ineffective assistance of counsel. For the reasons below, we affirm.

During a traffic stop, Norris consented to a search of his vehicle. Prior to the search, the officer conducted a pat-down search of Norris and found 19.3 grams of crack and .9 grams of marijuana in Norris' jacket pocket. After a hearing conducted according to Fed. R. Crim. P. 11, the district court accepted Norris' guilty plea.

In Norris' Presentence Report, the probation officer noted that Norris is a career offender under the guidelines; therefore, his base offense level is 34, because of the quantity involved. U. S. Sentencing Guidelines Manual § 4B1.1 (1995). After the three-level reduction for acceptance of responsibility, Norris' offense level is 31. With a criminal history category of VI, the applicable guideline range is 188 to 235 months imprisonment. Norris did not object to the guideline calculations; he merely requested a lengthy term of house arrest in lieu of imprisonment.

The day after he was sentenced, Norris first asserted that he did not plead guilty or agree to plead guilty to the two prior controlled substance offenses on which his career offender status is based. Because Norris failed to object to this recommendation in the presentence report and failed to raise this issue at sentencing, we review for plain error. See United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993).

2

Section 4B1.1 of the Sentencing Guidelines provides for an increase in the offense level of a "career offender." The enhancement for career offender applies when the Defendant is over the age of eighteen at the time of the offense, the offense is a felony which is either a crime of violence or a controlled substance offense and the Defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1. Norris' two prior state convictions for distribution of cocaine and for possession of crack cocaine with intent to distribute qualify as felony convictions. See USSG § 4B1.2(2). Norris' belated challenge to the use of his two prior convictions in determining his status as a career offender does not present an error "`so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings.'" Grubb, 11 F.3d at 440-41 (quoting United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)).

Norris also asserts that the district court imposed too severe a sentence. As previously discussed, the district court properly determined that Norris should be sentenced as a career offender, with an offense level of 31 and a criminal history category of VI. The resulting guideline range of 188 to 235 months was thus properly determined. See USSG Ch.5, Pt.A (Sentencing Table). Norris received a sentence at the lowest point in this range. This court is precluded from reviewing the "sentencing court's discretion in setting a sentence anywhere within a properly calculated sentencing range." United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Norris requested that the district court impose a long term of home confinement in lieu of imprisonment. However, the Sentencing Guidelines do not provide for such a sentence, and therefore the district court did not abuse its discretion in denying this request. See United States v. Morgan, 986 F.2d 151, 152-53 (6th Cir. 1993).

In his pro se brief, Norris asserts that counsel was ineffective in a number of respects. However, claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's deficient performance conclusively appears from the record. Because such ineffectiveness does not conclusively appear from the record, these claims are better raised in a 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) motion. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir.

3

1973); see also United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991).

Finding no error on the record before us, we affirm Norris' conviction and sentence. We deny Norris' motion to relieve counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4