**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jettie D. ISOM, Defendant–Appellant.**

No. 92–5296.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 19, 1993.

Decided May 3, 1993.

Michael J. Mitchell, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Attorney, Knoxville, TN, for plaintiff-appellee.

James H. Varner, Jr. (argued and briefed), Eshbaugh, Simpson & Varner, Knoxville, TN, for defendant-appellant.

Before NELSON and BATCHELDER, Circuit Judges; and BECKWITH, District Judge.*

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

BECKWITH, District Judge, sitting by designation.

Defendant, Jettie Isom, was charged on July 17, 1991 in the Eastern District of Tennessee with knowingly possessing a sawed-off shotgun, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871. On December 6, 1991, Defendant was found guilty on that charge. On February 18, 1992, he was sentenced to a term of 28 months of imprisonment. Defendant timely appealed his conviction and sentence.

## I.

The chain of events leading to this appeal began when a woman was shot at a Knoxville, Tennessee housing project on July 10, 1991. The woman was a girlfriend of Defendant's friend Anthony "Squeaky" Page. The Knoxville Police were seeking Chris Clemmons as a suspect in the shooting.

Later in the day, Defendant encountered his friend Allen "Billy" Williams who suggested that they find Page. Defendant and Billy Williams travelled in Williams' vehicle to another housing project, where Chris Clemmons lived. There, they found Squeaky Page. Squeaky Page was driving a vehicle belonging to Defendant. Williams and Page parked the two vehicles trunk-to-trunk in a parking area.

For some time, the trunks of the two cars were open. In the trunk of Billy Williams' car was a sawed-off shotgun. In the trunk of Defendant's car were a sawed-off shotgun and a long-barrelled shotgun. Sometime after the trunks were opened, Squeaky Page walked to where Chris Clemmons was standing, approximately 75 feet from Defendant, and shot at Clemmons seven or eight times. Two of the shots wounded Clemmons. Thereafter, Defendant reached into the trunk of his vehicle and pulled out the sawed-off shotgun. Defendant testified at trial that he had seen a person emerge from an apartment with a handgun. However, he stated that he did not believe that the gun was aimed at anyone. Defendant further testified that there was no further shooting after Squeaky Page fired at Chris Clemmons. Police officers who were on the scene testified that they had not seen anyone emerge from an apartment with a gun.

After three or four warnings from Police to drop his weapon, Defendant laid the weapon on the ground and ran. The Police later identified Defendant among some bystanders and arrested him.

At trial, Defendant testified that he had grabbed the shotgun from his trunk because he believed that Chris Clemmons' friends might identify him as a friend of Squeaky Page and come after him. He admitted, however, that no one was coming after him at the time he grabbed the gun. Defendant's counsel asked the jury to acquit Defendant based on a defense of duress. The jury rejected the defense and convicted Defendant.

At sentencing, Defendant's counsel asked the court to consider the duress defense as a basis for a downward departure pursuant to § 5K2.12 of the United States Sentencing Guidelines. Counsel for the government informed the court that a legal basis, if not a factual one, existed for such a departure. The court rendered its decision on this matter as follows:

> The Court has heard Mr. Varner's recitation of the facts in this case which the Court recalls the facts were presented to a jury of 12 who gave the parties rapt attention, and I thought considered the evidence for some considerable length of time before they arrived at their verdict in finding the defendant guilty. The evidence presented to the jury is basically the same that you are arguing to this Court today. The jury did not accept the defense version. And at this time I'm precluded from accepting it. I do not think that it merits a downward departure pursuant to Sentencing Guidelines 5.211 [sic] and the Court respectfully overrules the motion.

Defendant appeals his conviction and sentence. The parties' appellate briefs raise three issues. A fourth issue raised in the government's brief was subsequently withdrawn. The three issues to be resolved are as follows:

1. Whether the evidence at trial was sufficient to overcome the defense of duress/justification;
2. Whether Defendant properly invoked this Court's jurisdiction pursuant to 18 U.S.C. § 3742(a); and
3. Whether the district court correctly understood its authority and discretion pursuant to the Sentencing Guidelines.

## II.

■ Defendant appeals his conviction on the ground that the evidence was not sufficient to negate his duress defense and that, accordingly, the jury could not properly have convicted him. In this Circuit, the standard of review of the sufficiency of the evidence in a criminal case is as follows:

"It is not for us to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."

*United States v. DeClue*, 899 F.2d 1465, 1471 (6th Cir.1990), quoting *Glasser v. United States*, 315 U.S. 60, 78, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *see also United States v. Head*, 927 F.2d 1361, 1365 (6th Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991).

Defendant argues that the evidence at trial was insufficient to overcome his *prima facie* showing that his actions were taken under duress or were justified. The government contends that the jury was properly instructed on the duress defense and rejected the defense as applied to Defendant. The district court instructed the jury that a defendant cannot claim the duress defense if he prolonged or renewed a confrontation that had ended. The court also informed the jury that a person cannot claim the defense if he recklessly or negligently placed himself in a situation in which it was probable that he would be subject to duress. Finally, the jury was told that duress only rises to the level of a complete defense if the defendant reasonably feared that he would immediately be killed or seriously hurt and that he had no reasonable option but to violate the law.

The district court believed that Defendant was entitled to an instruction on the duress defense, thereby offering some support to Defendant's claim that he had established a *prima facie* defense of duress. Defendant then argues that the burden shifted to the government to disprove the defense beyond a reasonable doubt. While this Court has not specifically addressed the standard of proof in refuting a duress defense, some circuits have held that the government's burden is proof beyond a reasonable doubt. *See, e.g., United States v. Tobias*, 662 F.2d 381, 384 (5th Cir.1981), *cert. denied*, 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982); *United States v. Steinberg*, 551 F.2d 510, 514 (2nd Cir.1977); *United States v. Rosenfeld*, 545 F.2d 98, 101 (10th Cir.1976), *cert. denied*, 430 U.S. 941, 97 S.Ct. 1572, 51 L.Ed.2d 787 (1977); *United States v. Carrasco*, 537 F.2d 372, 378 (9th Cir.1976).

Without question, we find that the trial record supports Defendant's conviction. Assuming that Defendant did establish a *prima facie* duress defense and that the burden then shifted to the government to disprove the defense by proof beyond a reasonable doubt, the jury could still have convicted Defendant based on the evidence in the record. The jury could well have found that Defendant acted recklessly or negligently in placing himself in a situation where he was likely to feel the need to resort to illegal means. The evidence provides very little support for Defendant's claimed belief that he was in imminent danger of death or bodily injury. Considering the standard of review applied to jury findings, Defendant's arguments for the reversal of his conviction fail. The record contains substantial evidence to refute the duress defense when considered in the light most favorable to the government.

## III.

■ The government argues that Defendant has not properly invoked the jurisdiction of this Court pursuant to 18 U.S.C. § 3742(a). That section provides that a defendant may file a notice of appeal for a review of a sentence in only the following situations:

1. when the sentence was imposed contrary to law;

2. when the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines;

3. when the sentence is greater than the sentence specified in the applicable Guideline range; or

4. when the sentence was imposed for an offense for which there is no Sentencing Guideline and is plainly unreasonable.

This Court has held that when the sentencing range is properly computed, the district court is aware of its discretion to depart, and the sentence is not imposed in violation of law or as the result of an incorrect application of the Sentencing Guidelines, a failure to depart is not a cognizable basis for appeal under 18 U.S.C. § 3742(a). *See, e.g., United States v. Pickett,* 941 F.2d 411, 417–18 (6th Cir.1991). In this case, Defendant contends that the district court misapplied the Sentencing Guidelines or, at the very least, misstated the breadth of its discretion in considering a downward departure for duress. Accordingly, the appeal falls within the second ground of § 3742(a), and we reject the government's argument that Defendant has not properly invoked this Court's jurisdiction.

### IV.

 Defendant's appeal of his sentence is based on the district court's statement that it was "precluded" from considering a downward departure based on duress. Clearly, the Sentencing Guidelines allow the sentencing court to depart even when the jury has found that duress has not been a complete defense. *See United States v. Maddalena,* 893 F.2d 815, 818 (6th Cir.1989), *cert. denied,* —— U.S. ——, 112 S.Ct. 233, 116 L.Ed.2d 190 (1991).

The Third Circuit Court of Appeals has considered the same issue in the context of a district court's refusal to consider a downward departure on the ground that the departure would be inconsistent with the jury's conviction. The appellate court reversed and remanded. *United States v. Cheape,* 889 F.2d 477, 479–80 (3rd Cir.1989).

 We agree with Defendant that in the event that the district court had misunderstood its authority, we would be required to remand for reconsideration of the duress defense. We do not, however, believe that the district court manifested its misunderstanding by using the word "precluded". From the record of the sentencing hearing, we conclude that the district court merely meant that the facts of the case precluded the departure. The district court stated that a departure was not merited in Defendant's case after the government had reminded the court of its discretion relevant to the departure. The court clearly was aware of the legal authority for a departure; nevertheless, it found that logic precluded a departure. The record amply supports that conclusion.

### V.

For the reasons stated, the judgment of conviction and the sentence are affirmed.