7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. CARTER, Defendant-Appellant.
 No. 92-6641.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Michael A. Carter appeals the sentence imposed by the district court following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have expressly waived oral argument.
 
 
 3
 Kentucky state police arrested Carter on November 30, 1991, for driving under the influence. During questioning at the scene, Carter turned over to the officers a loaded .25-caliber semiautomatic handgun. Carter was subsequently indicted by a federal grand jury on the one count described above. On September 15, 1992, Carter entered a plea of guilty to the charge, pursuant to a Rule 11 plea agreement. The district court sentenced him on November 17, 1992, to 84 months' imprisonment and three years' supervised release, the lowest sentence available within the applicable guideline range.
 
 
 4
 On appeal, Carter argues that the district court erred in denying his request for downward departure pursuant to U.S.S.G. § 5K2.0.
 
 
 5
 Upon review, we affirm the district court's judgment. "This court has held that when the sentencing range is properly computed, the district court is aware of its discretion to depart, and the sentence is not imposed in violation of law or as the result of an incorrect application of the Sentencing Guidelines, a failure to depart is not a cognizable basis for appeal under 18 U.S.C. § 3742(a)." United States v. Isom, 992 F.2d 91, 94 (6th Cir.1993). Carter does not allege that his sentencing range was improperly computed. Further, our review of the sentencing transcript establishes that the district court in Carter's case was well aware of its discretion to depart and properly exercised that discretion not to depart, either upwards or downwards, for reasons clearly stated on the record. We, therefore, decline further review of Carter's sentence. See United States v. Morgan, 986 F.2d 151, 152 (6th Cir.1993) (per curiam).
 
 
 6
 Accordingly, the district court's judgment, entered on November 23, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation