23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Willie E. DORSEY, Sr., Defendant-Appellant.
 No. 93-3782.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: MILBURN and GUY Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie E. Dorsey, Sr., a federal prisoner, appeals his conviction and sentence, as amended, imposed following his guilty plea to one count of distributing in excess of 50 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A)(iii). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dorsey was indicted in September 1991 on twelve counts related to drug trafficking. He filed a motion to suppress evidence obtained during the execution of a search warrant, which was denied following an evidentiary hearing. Subsequently, after substitute counsel was appointed, the district court allowed Dorsey to file a second motion to suppress. This motion focused on the allegedly illegal search of a 1985 Cadillac which, according to Dorsey, was located on a mostly-vacant lot also owned by Dorsey and adjoining the property specified in the warrant. A second evidentiary hearing was held, following which the district court again declined to suppress the evidence obtained during the search.
 
 
 3
 On December 14, 1992, Dorsey entered into a plea agreement, in which he pleaded guilty to count 6 (distributing in excess of 50 grams of cocaine base) and agreed to cooperate fully, in return for the government's dismissal of the remaining counts. The district court sentenced Dorsey on July 15, 1993, to 120 months in prison and five years of supervised release. The district court granted both Dorsey's motion for downward departure based upon the unusually long period of time he was incarcerated in the county jail, and the government's motion for downward departure under U.S.S.G. Sec. 5K1.1 due to Dorsey's substantial assistance. The court also imposed a $3,000 fine, to be paid immediately. This provision was later amended to allow Dorsey to pay the fine during the period of his supervised release.
 
 
 4
 Dorsey's court-appointed counsel has filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In his accompanying brief, counsel raises the sole issue of whether the district court erred in overruling Dorsey's motion to suppress the evidence discovered in the search of the 1985 Cadillac. Dorsey has filed a motion for the appointment of new counsel, and a pro se statement raising additional grounds for relief.
 
 
 5
 Upon consideration, we grant counsel's motion to withdraw from this case because Dorsey's appeal is without merit. The brief submitted pursuant to Anders reflects a careful review of the record, concludes that no reversible error exists, and adequately sets forth the principal conceivable issue for appeal. We affirm the district court's judgment because that court did not err in denying the motion to suppress, accepting Dorsey's guilty plea, or imposing sentence.
 
 
 6
 The suppression issue raised by counsel in his Anders brief is meritless. Dorsey entered a non-conditional plea of guilty to count six of the indictment. Absent a court-approved reservation of issues for appeal, a defendant who voluntarily pleads guilty waives all challenges to the prosecution except those going to the court's jurisdiction. See United States v. Pickett, 941 F.2d 411, 416 (6th Cir.1991). See also Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir.), cert. denied, 111 S.Ct. 2870 (1991); United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.), cert. denied, 498 U.S. 856 (1990). Because Dorsey's plea was constitutionally valid (as discussed infra ) and he did not reserve the right to appeal the district court's denial of his motion to suppress evidence, he has waived that issue.
 
 
 7
 Our review of the transcript of Dorsey's plea proceeding clearly establishes that, under the totality of the circumstances, his plea was entered voluntarily, knowingly, and intelligently. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). In addition, a factual basis was established for the plea as required by Fed.R.Crim.P. 11(f). See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 8
 Moreover, the district court did not err in imposing sentence on Dorsey. An appellate court normally lacks jurisdiction to review a sentence within the applicable guideline range unless it was imposed in violation of law or resulted from an incorrect application of the guidelines. 18 U.S.C. Sec. 3742(a)(1); United States v. Isom, 992 F.2d 91, 93-94 (6th Cir.1993). Neither Dorsey nor the government has appealed this sentence, and there is no apparent error in the district court's procedure or calculations.
 
 
 9
 After a careful review of the additional issues suggested by Dorsey in his pro se statement, we conclude that none merits relief. The record clearly refutes Dorsey's assertion that his plea bargain included a promise of a prison sentence in the range of 4 to 7 years. We further observe that Dorsey's request for sentence credit must be directed to the Attorney General, see 18 U.S.C. 3585(b); United States v. Wilson, 112 S.Ct. 1351, 1354-55 (1992), and that a claim of ineffective assistance of counsel is properly raised in a motion to vacate pursuant to 28 U.S.C. Sec. 2255. United States v. August, 984 F.2d 705, 711 (6th Cir.1992), cert. denied, 114 S.Ct. 158 (1993).
 
 
 10
 Accordingly, counsel's motion to withdraw is granted. Dorsey's motion for the appointment of new counsel is denied. The district court's judgment, entered on July 15, 1993, and amended December 27, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.