72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Octavious BLAIR, Defendant-Appellant.
 No. 94-6637.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1995.
 
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Octavious Blair, was sentenced to 84 months in prison after pleading guilty to two counts of distributing cocaine base (crack cocaine). This sentence was at the bottom of the range prescribed by the sentencing guidelines. On appeal of the sentence, Mr. Blair argues that the district court erred in failing to depart downward from the guideline range. We do not find the argument persuasive, and we shall affirm the sentence.
 
 
 2
 Mr. Blair was arrested after repeatedly selling crack cocaine to an undercover agent. On four different occasions the agent requested that Mr. Blair provide him with crack, and Mr. Blair did so each time. Upon completion of each transaction Mr. Blair gave the proceeds to his drug supplier, receiving in return a small quantity of drugs for his own consumption.
 
 
 3
 At sentencing Mr. Blair sought a downward departure on the ground that crack was not his regular line of business; he maintained that it was only because of the undercover agent's "arbitrary" decision to request this particular drug that he sold crack at all. Mr. Blair contended that because he ordinarily dealt in powder cocaine, he was not the type of dealer at whom the Sentencing Commission was aiming when it prescribed harsher sentences for those dealing in crack. The district judge declined to depart downward, noting that the defendant always had the option of not providing crack when asked to do so. "He exercised his choice," the court observed, "by his own free will...."
 
 
 4
 A district court's refusal to depart downward is not ordinarily appealable. See United States v. Isom, 992 F.2d 91, 94 (6th Cir.1993). Mr. Blair argues that his sentence is appealable nonetheless because the district court erred as a matter of law in holding that a downward departure could not be justified under the circumstances of this case. But that is precisely the kind of determination that has been committed to the discretion of the sentencing court; in the absence of some reason to believe that the court was unaware of its departure authority, the sentence is simply not appealable. See United States v. Byrd, 53 F.3d 144 (6th Cir.1995).
 
 
 5
 Even if the issue were properly before us, we would conclude here, as the Byrd court did on the facts presented there, that the refusal to depart downward was not erroneous. Mr. Blair is certainly correct that the undercover agent's decision to ask for crack was, in a sense, arbitrary. Such decisions will always be arbitrary, however, as will decisions regarding the amount requested and the number of requests made. The fact that the agent could have chosen to make only a single request for a single marijuana cigarette, for example, hardly justifies a departure where the defendant voluntarily accedes to requests that he furnish multiple units of a drug for which the penalties are higher. Mr. Blair made a deliberate and informed choice each time he provided crack cocaine to the supposed user. The district court did not abuse its discretion in imposing a sentence within the range that the guidelines prescribe for such conduct.
 
 
 6
 AFFIRMED.