**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Craig T. DICKERSON, Defendant–Appellant.**

**No. 99–3830.**

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2001.

Before WELLFORD, SILER, and BATCHELDER, Circuit Judges.

PER CURIAM.

Defendant Craig Tyrone Dickerson purchased firearms at the direction of an otherwise unidentified "Uncle Dennis" who paid him in cash or drugs to support his crack cocaine addiction. In 1993, Dickerson was charged with falsifying ATF forms and illegal possession of forty-four firearms he purchased from April to September 1993 from federally licensed firearm dealers in Ohio. Dickerson was not, however, indicted for these offenses until a twenty-two count indictment was filed on April 14, 1998. An arrest warrant was issued, but defendant was not arrested until later located during a traffic stop on December 9, 1998. Defendant pleaded guilty to Count 5 of the indictment, which charged him with felony possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). (Dickerson's prior felony was a 1989 conviction for felony attempt.) In June of 1999, the district court held a sentencing hearing at which defendant requested downward departure on the basis of the pre-indictment delay, his post-indictment lawful conduct, and his addiction to crack cocaine at the time he committed the offenses. Defendant alleged the record overstated, and the court misconstrued, his criminal history category. Dickerson was sentenced to the lower end of the guideline range, sixty-three months incarceration followed by three years of supervised release. Defendant filed a timely notice of appeal.

The prosecution gave no convincing explanation for the pre-indictment delay, but there was no demonstrated constitutional prejudice. We express concern at this dilatory conduct, nonetheless.

"[W]hen the sentencing range is properly computed, the district court is aware of its discretion to depart, and the sentence is not imposed in violation of law or as the result of an incorrect application of the Sentencing Guidelines, a failure to depart is not a cognizable basis for appeal." *United States v. Isom,* 992 F.2d 91, 94 (6th Cir.1993); *see also United States v. Scott,* 74 F.3d 107, 112 (6th Cir.1996) ("Unless the decision involves an incorrect application of the sentencing guidelines or is otherwise in violation of the law, a district court's discretionary refusal to depart downward is not appealable."). Defendant argues that the district judge was not aware of his authority to depart.

The United States Sentencing Guidelines, § 5K2.0, allow a district court to depart from the guideline range "if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *Scott,* 74 F.3d at 112 (quoting U.S.S.G. § 5K2.0). *Scott* affirmed the sentence, because the district judge's statements "indicate[d] that she was aware of her discretion under § 5K2.0 to depart downward if the sentencing guidelines did not adequately account for the circumstances of [defendant's] offense, and using that discretion decided not to depart downward." *Id.* The district judge had stated: " 'I would like to be able to take the factors I have mentioned into account more completely in fashioning an appropriate sentence, *but I do not think that there's anything in the fact situation that warrants a downward departure.'* " *Id.*

Similarly, this court affirmed a sentence within the guidelines, because the district judge's statements reflected his awareness of his authority to depart in *United States v. Brannon,* 7 F.3d 516, 522 (6th Cir.1993), where the judge stated: "But I do not feel free based upon what I consider to be the facts in this case to set any other sentence

than that provided for by the guidelines." *Id.; accord United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997); *see also United States v. Morrison,* 46 F.3d 127, 132 (1st Cir.1995) ("I do not believe that I have the authority *on the facts of this case* to depart.") (emphasis added by appellate court). As noted in *Morrison,* the government in this case never argued that the court lacked authority to depart. *See Morrison,* 46 F.3d at 131. Dickerson's claim is not appealable, because the district judge knew he possessed authority to depart downward. At the plea hearing the judge clearly stated that the guideline range did not make the final determination of the proper sentence and explained his ability to depart for any mitigating or aggravating circumstances presented by the facts. The district judge had previously said that he believed that "[p]utting guns in the hands of people who ought not to have them is, in my opinion, an incredibly serious offense."

At sentencing, his statement that he "thought long and hard about this case" and concluded "[t]here really is no basis at this point for a downward departure" revealed in our opinion the awareness of this experienced district judge. The district court noted that the defendant's sobriety was due to his incarceration alone and did not constitute a mitigating circumstance. The district judge chose not to depart because of defendant's drug addiction, because he couldn't "think of a more serious crime where there is no identifiable victim, where no one is physically hurt, than putting guns into the wrong hands." The district judge noted different facts that might constitute a mitigating circumstance warranting departure. He also noted his duty to "weigh punishment and community safety and rehabilitation and deterrence." Defendant points only to the judge's statement that "what I can do is to sentence at the lower end of the guideline range, but I can do no more." The district judge had made clear that his conclusion was based on his finding of a lack of mitigating circumstances warranting departure.

Defendant does not allege the sentence imposed was improperly calculated or in violation of law and therefore he has no appealable claim. Nevertheless, the defendant argues that the district court could have departed on the basis of his AIDS, the delay in prosecution, or his alleged cessation of illegal drug and firearm activity after his release from prison in 1996. He cites *United States v. Fletcher,* 15 F.3d 553 (6th Cir.1994) for support, but this case is distinguishable. *Fletcher* set forth the three-step analysis for determining whether a district court properly departed from the guidelines, but we do not apply that test to the question at hand, whether the district court should have departed from the guidelines. The unusual *Fletcher* case warranted a departure downward, because the defendant's past crimes were unrelated to his circumstances. Also, he had turned himself in for drug rehabilitation prior to his arrest, and he was the sole supporter of his parents.

For five months Dickerson supported his daily drug habit by illegally purchasing firearms. Defendant has failed to indicate that his case is comparable to *Fletcher.*

For the reasons stated, we AFFIRM the decision of the district court and the sentence imposed.