NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  09a0301n.06
Filed:  April 23, 2009
No.  07-6170

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,  )
    Plaintiff-Appellee,  )
                                )
                                )     **ON APPEAL FROM THE UNITED**
v.  )     **STATES DISTRICT COURT FOR THE**
                                )     **EASTERN  DISTRICT OF KENTUCKY**
                                )
DONALD Q.  WOODS,  )
    Defendant-Appellant.  )
                                )

Before: CLAY and GIBBONS, Circuit Judges; and GREER, District Judge[*]

**GREER, District Judge.**  The defendant, Donald Q. Woods ("Woods"), was convicted by a jury of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) and sentenced to thirty-seven months of imprisonment.  Woods appeals his conviction and sentence and argues that the evidence was insufficient "to negate [his] justification defense," and that his sentence was both procedurally and substantively unreasonable.  We affirm the judgment of the district court.

**I.**

On June 23, 2005, Covington, Kentucky police officers were dispatched to the City Heights housing project on a report of shots being fired near 2420 Alden Court.  While en route, officers were diverted to 2316 Center Street, adjacent to the City Heights housing project, as a result of

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

information that a suspect had run out of the woods and into a residence at that address. When the officers arrived, a female occupant of 2316 Center Street was standing on her porch and reported to the officers that an unknown man, later identified as Woods, had entered her house uninvited and had refused her request that he leave. Woods told the house's occupant that he had been visiting his baby's mother at City Heights, had met someone interested in the wheels that were on his vehicle, they argued and he was fleeing from that person.

Officers entered the house and found Woods seated in a chair in the kitchen. Woods refused to leave and was physically removed from the house by the officers. Woods struggled briefly with the officers on the front porch of the house, was arrested for criminal trespassing, and was searched incident to his arrest. A .380 caliber bullet was found in Woods' right pocket which Woods said he kept for "good luck."

The officers interviewed a neighbor who reported that Woods had run out of the woods behind a house across the street from 2316 Center Street with a gun in his hand. According to the neighbor, Woods was scared and frantic, said people were after him, and pleaded for help. When the neighbor rebuffed Woods' plea for help, Woods put the firearm in his waist and then in his back pocket as he walked away toward the back of a neighboring house at 2313 Center Street. As a result of this information, the officers searched the area behind the house at 2313 Center Street and found a .380 caliber pistol underneath the cushion of lawn furniture.

Meanwhile, other officers had arrived at Alden Court in the City Heights housing project where officers found four "fresh" .45 caliber casings in the street across from the residence of Woods, who lived at 2421 Alden Court. The surrounding area was searched, and no other casings were found. Center Street and Alden Court are located adjacent to one another and separated by a

wooded area.

After Woods' arrest, he was interviewed at the Covington Police Department by Detective Jim Lindeman. Woods told Lindeman that he had been released from jail earlier in the day and had been picked up from jail by his girlfriend and taken to the house they shared at 2421 Alden Court. Woods' girlfriend had informed him that their house had been broken into on the previous day. According to Woods, after he was dropped off at Alden Court, some "guys" walked toward him and one of them pulled a .380 caliber handgun. He wrestled the gun away from his assailant while the others involved were firing their weapons. Woods claimed that he ran away through the wooded area toward Center Street with his assailants in pursuit. The jury saw a videotape of Lindeman's interview of Woods. Woods' interview contained numerous contradictory and inconsistent statements about the events of June 23. On June 24, Lindeman went to 2421 Alden Court to interview Woods' girlfriend. She was not at home but the door was open and the house had been ransacked. Lindeman found a .380 caliber Winchester bullet like the one found in Woods' pocket on the floor of the kitchen.

James Rosenthal, a licensed clinical psychologist, testified at trial about an interview of Woods he conducted on October 31, 2006. During that interview, Woods was asked about the shooting on June 23, 2005. Woods told Dr. Rosenthal that, when he had arrived at his house, someone immediately began shooting at him, and he then ran into the woods and hid for about five minutes. He eventually exited the woods, ran down the street, and entered a house. Woods denied possessing a gun and said he didn't know how the .380 caliber bullet got in his pocket. He never mentioned that he wrestled a gun away from anyone.

Woods was subsequently charged in the United States District Court for the Eastern District

-3-

of Kentucky in a two count indictment with being a felon in possession of a firearm (Count 1) and with being a felon in possession of ammunition (Count 2) in violation of 18 U.S.C. § 922(g)(1). At trial, Woods raised a defense of justification as to the firearm charge and the jury was instructed to find the defendant not guilty if Woods proved the elements of justification by a preponderance of the evidence. The jury convicted Woods of both counts in the indictment. At sentencing, Woods objected to not receiving a two level adjustment under the United States Sentencing Guidelines (the "guidelines") for acceptance of responsibility. The district court overruled his objection and sentenced Woods to a term of thirty-seven months of imprisonment, a term at the bottom of the advisory guidelines range.

The defendant appeals his conviction and sentence and raises three issues as follows:

> 1. Did the District Court err by entering a judgment of conviction against the appellant when there was insufficient fact evidence presented at trial to negate appellant's justification defense?
>
> 2. Was District Court's sentence procedurally unreasonable in that the court erred by failing to grant the appellant a two level reduction of his offense level consistent with his acceptance of responsibility?
>
> 3. Was the District Court's sentence substantively unreasonable?

**II.**

Relying on *United States v. Isom*, 992 F.2d 91 (6th Cir. 1993), the defendant argues that there was insufficient evidence presented at trial to negate his justification defense. More specifically, Woods argues that once he raised the justification defense, the government was required to refute the defense by proof beyond a reasonable doubt. Woods further argues that requiring him to prove the defense of justification by a preponderance of the evidence improperly shifted the burden of

proof to him and, alternatively, that the evidence, as a matter of law, was sufficient to establish the justification defense.

First of all, the defendant misinterprets our holding in *Isom*. In *Isom*, the defendant was charged with knowingly possessing a sawed-off shotgun which was not registered to him in the National Firearms Registration and Transfer Record. At trial, Isom asked the jury to acquit him on a defense of duress. The jury rejected the defense and convicted Isom. On appeal, Isom argued that the evidence was not sufficient to negate his duress defense. While this circuit had not previously addressed the question of the standard of proof in refuting a duress defense, the court in *Isom* noted that some circuits had held that the burden was on the government to disprove the defense by proof beyond a reasonable doubt; however, we did not decide the question. *Isom*, 992 F.2d at 93. In *Isom*, we simply held that even "[a]ssuming that the defendant did establish a *prima facie* duress defense and that the burden then shifted to the government to disprove the defense by proof beyond a reasonable doubt," the proof was still sufficient for the jury to have convicted Isom. *Id*.

The defendant further argues that the holding in *Isom* and our holding in *United States v. Singleton*, 902 F.2d 471 (6th Cir. 1990) are irreconcilable. He is mistaken. In *Singleton*, we held that "a defense of justification may arise in rare situations" when the defendant is charged with a violation of § 922(g). *Singleton*, 902 F.2d at 472. Adopting the four factor test for showing a justification defense set forth in *United States v. Gant*, 691 F.2d 1159 (5th Cir. 1982), we concluded that the defendant had the burden of proof in asserting the defense and that a jury instruction on the defense of justification was unwarranted if the "[defendant] failed to show" the necessary elements of the defense. *Singleton*, 902 F.2d at 473. Nothing in *Isom* is irreconcilable with our conclusion in *Singleton*.

To the extent, however, that *Isom* and *Singleton* left any doubt about the standard of proof applicable to a justification defense, or which party has the burden of proof, it was removed by *United States v. Brown*, 367 F.3d 549 (6th Cir. 2004), and that decision forecloses Woods' argument. In *Brown*, this Court held that a defendant bears the burden of proving his affirmative defense of justification by a preponderance of the evidence. Because the defense of justification "does not negate any element of [a felon in possession charge]," the defendant "may be required to prove that defense by a preponderance of the evidence." *Brown*, 367 F.3d at 556.

The district court in this case correctly instructed the jury that the government had the burden of proving each of the elements of the charged offenses beyond a reasonable doubt. The district court further instructed the jury, on request of the defendant, that defendant asserted that his possession of the firearm was justified by the circumstances existing on June 23, 2005, and that they *must* find the defendant not guilty if he proved the elements of his justification defense by a preponderance of the evidence. The district court's jury instructions were not in error and were consistent with the instructions approved by this Court in *Brown*.

Likewise, Woods' claim that the proof established his justification defense as a matter of law is unconvincing. Woods does not argue that the evidence, viewed in the light most favorable to the prosecution, is insufficient as a matter of law for the jury to find all of the elements of the offense charged in Count 1 beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Rather, he argues that the proof establishes his justification defense and that his "conviction should be overturned by this Court." Brief of Defendant-Appellant, p. 13. The district court properly charged the jury that "preponderance of the evidence" means "more likely than not." The evidence related to the defendant's justification defense was disputed and thus a jury question, and a judgment

as a matter of law was clearly not appropriate.

Woods gave conflicting explanations for his possession of the firearm and the circumstances related to his possession of the firearm. He concealed the firearm under the cushion of lawn furniture after he encountered a resident of the Center Street neighborhood. He had a .380 caliber bullet, the same caliber as the firearm, in his pocket when he was arrested, and another .380 caliber bullet was found in the floor of the apartment shared by Woods and his girlfriend. During the psychiatric interview conducted by Dr. Rosenthal, Woods was asked about the June 23 shooting and he denied possessing a gun. Furthermore, he did not mention to Dr. Rosenthal his claim of having wrestled the gun from an assailant. The jury heard this testimony, along with evidence which suggested that Woods had been attacked and pursued through the woods from Alden Court to Center Street. It was a question, therefore, for the jury to resolve.

## III.

Generally speaking, we review the district court's sentence for reasonableness, using an abuse of discretion standard. *United States v. Booker*, 543 U.S. 220, 264 (2005); *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). The sentence must be both procedurally and substantively reasonable. *Gall v. United States*, --- U.S. ---, 128 S.Ct. 586, 597 (2007); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). In evaluating procedural reasonableness, we must determine whether the district court properly calculated the guidelines range, treated the guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors and adequately explained the sentence. *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008). In assessing substantive reasonableness, we generally examine whether the length of the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Alexander*, 543

F.3d 819, 822 (6th Cir. 2008). In this circuit, we accord a sentence within a correctly calculated guidelines range a presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

## A.  Procedural reasonableness

Woods argues that the district court's sentence was procedurally unreasonable because the court failed to grant him a two level reduction of his offense level pursuant to USSG § 3E1.1. "If the defendant clearly demonstrates acceptance of responsibility for his offense," his offense level under the guidelines is reduced by two levels. USSG § 3E1.1(a). "The defendant has the burden of demonstrating by a preponderance of the evidence that a reduction for acceptance of responsibility is warranted." *United States v. Banks*, 252 F.3d 801, 806 (6th Cir. 2001). A defendant can demonstrate "significant evidence" of acceptance of responsibility if the defendant enters a guilty plea prior to trial and admits, or does not falsely deny, any additional relevant conduct. USSG § 3E1.1, cmt. n.3.

This court has consistently noted that "[a]n acceptance of responsibility adjustment is generally awarded to a defendant who admits guilt in a timely-entered guilty plea proceeding and may not be disallowed unless there is conduct clearly demonstrated in the record that is inconsistent with the defendant's specific acknowledgment of responsibility demonstrated by the guilty plea." *United States v. Truman*, 304 F.3d 586, 592 (6th Cir. 2002). We review the district court's determination as to entitlement to a reduction for acceptance of responsibility under a deferential standard of review. The district court's denial of a reduction for acceptance of responsibility is "a factual question, and should be accorded great deference and should not be disturbed unless clearly erroneous." *United States v. Webb*, 335 F.3d 534, 538 (6th Cir. 2003) (quoting *United States v.*

*Miller*, 45 Fed. Appx. 359, 364 (6th Cir. 2002)).

A reduction for acceptance of responsibility is generally "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt or expresses remorse." USSG § 3E1.1, cmt. n.2. "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." *Id*. A defendant who exercises his constitutional right to trial to preserve issues that do not relate to factual guilt may qualify for the reduction and that determination "will be based primarily upon pre-trial statements and conduct." *Id*.

Woods argues that he is entitled to the reduction for acceptance of responsibility because he did not contest the elements of the offense of being a felon in possession of a firearm and went to trial only to raise his justification defense. Woods relies heavily on a decision of the Tenth Circuit, *United States v. Gauvin*, 173 F.3d 798 (10th Cir. 1999). In *Gauvin*, the defendant went to trial only to contest the legal element of intent to commit the crime while admitting all of the underlying acts charged by the government. The district court made a factual determination that Gauvin understood the seriousness of his crime and accepted responsibility for his role but took the case to trial only to challenge whether his drunkenness rendered him incapable of forming the requisite *mens rea*. While noting that it "might not have reached the same decision," the Tenth Circuit nevertheless held, "in light of the deference afforded the sentencing judge," that the district court did not clearly err in granting an acceptance of responsibility reduction. *Id.* at 806.

Here, Woods' argument that he admitted his factual guilt and took the case to trial only to

assert his justification defense, thus entitling him to a reduction for acceptance of responsibility, fails for several reasons. First of all, Woods never clearly admitted his possession of the firearm either at trial or in his pretrial statements. For instance, the jury heard testimony that Woods had denied possession of the firearm during his psychiatric evaluation. Furthermore, Woods raised his justification defense only in connection with Count 1 dealing with his possession of the firearm. He never clearly admitted his illegal conduct with respect to Count 2; nor has he offered any explanation for why he put the government to the burden of a trial with respect to Count 2. Under these circumstances, this court cannot say, in light of the deference afforded to the sentencing judge, that the district court erred in denying a reduction for acceptance of responsibility.

Additionally, Woods' argument that *Gauvin* requires the district court to grant a reduction for acceptance of responsibility is misplaced. As the Tenth Circuit noted in a later decision of that court, while *Gauvin* does "stand for the proposition that a defendant's admission of guilt at trial up to the point of the asserted defense *can* earn the offense level reduction," it does not hold "that the district court *must* grant an offense level reduction under these circumstances. *United States v. Collins*, 511 F.3d 1276, 1280 (10th Cir. 2008)(emphasis added in original). In *Gauvin*, the district court had granted an adjustment for acceptance of responsibility and the government challenged that ruling on appeal. On appeal, the government had to establish that the district court committed clear error in granting the adjustment. *Id*. at 1280. The same burden is on Woods here. Applying that same standard to the district court's denial of the adjustment for acceptance of responsibility, given the factual support for the court's ruling, Woods has not established that the district court clearly erred in denying the adjustment. Woods makes no other challenges to the procedural reasonableness of his sentence and, accordingly, his sentence was not procedurally unreasonable.

**B.      Substantive reasonableness**

Woods makes a somewhat halfhearted argument in this case that his sentence is substantively unreasonable.  He argues that the unusual defense employed in this case as well as the defendant's remorse "required that this court deviate from the Guideline sentence."  Brief of Defendant-Appellant, p. 24.  Woods cannot show a substantive error in this case.  The record shows that the district court fairly considered the § 3553(a) factors, made note of Woods' extensive criminal history and the seriousness of the offense, and determined that a sentence at the low end of the properly calculated guideline range was appropriate.  It appears from the record that the district court properly weighed these factors in fashioning the thirty-seven month prison sentence and Woods' challenge fails under either an abuse of discretion or a plain error analysis.

**IV.**

For the foregoing reasons, we affirm the defendant's conviction and sentence.